HASKELL H. MARKS, by Guardian, etc., Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

Defendant operated a single-track street railroad, using one-horse cars in charge of a single employee, who acted as conductor and driver. The cars passed each other by means of switches. The rear platform of each car, where passengers enter, is two feet narrower than the distance between the rails; at the rear of this platform is a dash half its width and about thirty inches high. The brake is in front of the driver's platform. Two cars met in a space between two switches; in order to take one of them back to a switch the horse was unhitched and the driver called upon plaintiff, a boy about eleven years old, to take the reins; he drove the horse around to the rear of the car, and after the whiffletree was attached took his place on the rear platform, and by direction of the driver started the horse, the driver taking his place on the front platform to manage the brake. Some boys in the car, frightened by the driver, who ordered them to get off the car, and hurrying to get off from the platform on which plaintiff was standing, pushed him therefrom and he was injured. In an action to recover damages the only specification of negligence in the complaint was that the platform was unsafe upon which to place a boy of plaintiff's age to perform the duties imposed on him, and upon the trial the question of negligence was confined to this point. *Held,* that the emergency authorized the driver to employ outside assistance; but that there was no reasonable ground for holding that the rear platform was an unsafe place to put the plaintiff, or that there was any negligence in placing him upon it to drive the horse; and so, that the question was improperly submitted to the jury.

The General Term, in reversing an order granting a new trial, held that the verdict could stand upon the ground of negligence of the driver in driving the boys from the car when in motion. *Held,* error; that as this was not presented to the jury, and they were not permitted to consider it, the verdict could not be sustained on that ground; that if sustainable it must be sustained on the ground upon which the case was submitted.

*Marks* v. *Rochester R. Co.* (77 Hun, 77), reversed.

(Argued April 30, 1895 ; decided May 21, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 27, 1894, which reversed an order granting a new trial and ordered judgment on a verdict in favor of plaintiff.

This action was brought to recover damages for injuries received by plaintiff through the alleged negligence of defendant, a street railway corporation.

The plaintiff, at the time a boy of eleven years and four months of age, was run over by one of the cars of defendant upon St. Joseph street in the city of Rochester, N. Y., upon the 23rd day of February, 1892, in consequence of which his leg was crushed so as to require amputation.

The line of the defendant's road upon St. Joseph street, at that time, was a single-track line, the cars meeting and passing each other by means of switches placed at intervals. The cars in use were one-horse cars in charge of a single employee, who was at the same time driver and conductor. His position was in an inclosed platform in front of the car. The brake was at the front of that platform. The entrance for passengers was by means of a narrow platform open at the sides at the rear end of the car. The rear platform was three feet four inches wide. At the end was a dash about twenty inches wide and about thirty inches in height with a rounded top. The platform was ten inches below the floor of the car and fourteen inches above the rail. The distance between the rails upon which the car ran was four feet eight and a half inches inside. The rails themselves were about four inches wide, so that from the outside of one rail to the outside of the other was upwards of five feet four inches. The body of the car was seven feet two and a half inches wide at the widest part. The length of the car was sixteen feet two and a half inches, including platforms. These measurements show that the guard upon the back of the rear platform protected just half of the space, leaving an unprotected space of ten inches upon each side; that the platform itself was two feet narrower than the distance between the rails, leaving an open space of one foot on either side unprotected from the wheels; that the body of the car was nearly four feet wider than the platform, so that there was an extension of the side of the car nearly two feet upon each side beyond the edge of the platform.

Upon the day in question the plaintiff was chopping ice upon the sidewalk in front of his father's house on St. Joseph street, when his attention was attracted by the approach of two

street cars of the defendant from opposite directions upon the single track in that street. The nearest switch was some distance south. After considerable altercation between the drivers, it was decided between them that the one who had come from the south should go back to the switch. To go back to the switch it was necessary to hitch the horse to the rear end of the car and pull the car backward to the switch. To do this required two persons, one to drive and the other to manage the brake. The driver thereupon called to the plaintiff and told him to come and take the lines. The plaintiff drove the horse around the car, and after the whiffletree was fastened to the rear end of the car, he got upon the rear platform, and the driver told him to go ahead, he himself going back to manage the brake. After the car had proceeded a short distance, a number of other boys jumped upon the car and some of them got in the car and started to swing the car by dancing. The driver hallooed for the boys to get off. At this time the car was moving, the horse being on a trot. They did not do so, and he hallooed again, and stamped his foot, and made a rush or feint as though he were coming through the car to drive them off, at which the boys took fright, and scrambled off the car as fast as they could, and in doing so pushed the plaintiff off the platform. He was thrown under the car, and received the injuries complained of. The father and mother of the plaintiff knew nothing of his employment to drive the car, and did not consent thereto. The evidence is undisputed, the defendant offering no evidence whatever upon the second trial.

The defendant moved for a non-suit upon various grounds, and took exceptions to the charge of the court and refusals to charge as requested.

The jury found a verdict for the plaintiff for $7,000.

Further facts are stated in the opinion.

*Charles J. Bissell* for appellant. The trial court erred in denying the defendant's motion for a non-suit. (*Church* v. *C. N. & C. V. R. R. Co.*, 6 Law. Rep. 861; *Degg* v. *M. R.*

*Co.*, 1 H. & N. 773 ; *Everhart* v. *T. H. & R. R. Co.*, 78 Ind. 292 ; *Osborne* v. *K., etc., R. R. Co.*, 68 Maine, 49 ; *Barstow* v. *O. C. R. R. Co.*, 143 Mass. 535 ; *N. O. R. R. Co.* v. *Harrison*, 48 Miss. 112 ; *Flower* v. *P., etc., R. Co.*, 69 Penn. St. 210 ; *A. T. & S. F. R. R. Co.* v. *Lindley*, 6 Law. Rep. Ann. 646 ; Beach on Neg. 438 ; 2 Thompson on Neg. 1040 ; *Bradley* v. *N. Y. C. R. R. Co.*, 62 N. Y. 99 ; *Flower* v. *P. R. R. Co.*, 99 Penn. St. 210 ; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248 ; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420 ; *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 id. 308 ; Boswell on Civil Liability for Personal Injuries, 134, 145 ; Whart. on Neg. §§ 73–155 ; *Dugan* v. *C. T. Co.*, 56 N. Y. 1 ; *Tutein* v. *Hurley*, 98 Mass. 211.) The trial court erred in refusing to charge the jury in accordance with the request of the defendant's counsel, and the exception to such refusal was well taken.  This request was predicated upon the assumption that the jury should find upon the questions of fact submitted to them by the court, that there was no reasonable necessity for the employment of any one to assist the driver ; that if there existed no such necessity, then the defendant was not responsible for the subsequent consequences to the plaintiff. (*Finley* v. *H. E. R. Co.*, 64 Hun, 373 ; *Wilton* v. *M. R. R. Co.*, 107 Mass. 108 ; 125 id. 130.)  Assuming that the emergency existed, and the driver was authorized to employ assistance and did employ the plaintiff, if they then became co-servants and the plaintiff was injured solely by reason of the negligence of his co-servant, then there can be no recovery, and the question whether the plaintiff was or was not a fit and proper person for the employment does not enter into the inquiry. (*Flower* v. *P. R. R. Co.*, 99 Penn. St. 210.)

*Eugene Van Voorhis* for respondent.  If the driver had authority, implied or otherwise, to call in assistance, it was a matter in his discretion and judgment, as to whom he should call upon, and any mistake made by him in the exercise of that discretion was a mistake of the master.  For the purpose

of obtaining assistance in the performance of the master's duty he was the master; it was the duty of the defendant to employ competent persons for the transaction of its business. It must expect to suffer, if it sees fit to retain careless and reckless drivers in its employ. (*Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549; *Day* v. *B. C. R. R. Co.*, 12 Hun, 438; 76 N. Y. 593.) Whenever there is a temporary employment of a bystander in an emergency, by a servant who may be held to have had authority to contract for an assistant, the master should be held liable if such assistant is injured by the negligence of his servants. The doctrine of the non-liability of the master for the negligence of a co-employee does not apply to such case. (Beach on Cont. Neg. § 342; 2 Thomp. on Neg. 1040, § 39; *Bradley* v. *N. Y. C. & H. R. R. R. Co.*, 62 N. Y. 99; *C. T. Co.* v. *Texas*, 32 Fed. Rep. 448; *Terra Haute* v. *McMurray*, 98 Ind. 358; *L. R. R. Co.* v. *McVeigh*, Id. 391; *P. Co.* v. *Gallagher*, 40 Ohio St. 637; *Flike* v. *B. & A. Co.*, 53 N. Y. 549.) The court properly submitted to the jury the question as to whether or not, assuming there was an emergency, the driver exercised proper care, under the circumstances, in employing a boy of the size and age of the plaintiff, and placing him upon this platform to drive the horse. (2 Thomp. on Neg. 978; Beach on Cont. Neg. § 362; *Brennan* v. *Gordon*, 118 N. Y. 489; *Hickey* v. *Taaffe*, 105 id. 26; *Healey* v. *H. B. Co.*, 18 N. Y. Supp. 754; *Baird* v. *Richardson*, 4 N. Y. S. R. 648; *Hill* v. *Gust*, 97 Ind. 45; *Kehler* v. *Schwenk*, 144 Penn. St. 348; Laws of 1889, chap. 560, § 2; *Ansteth* v. *B. R. Co.*, 145 N. Y. 210; *Hogan* v. *C. P. R. Co.*, 12 id. 647.) It cannot be said as a matter of law that the plaintiff assumed the risk of the accident which befell him. (*Darling* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 670; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *Thurber* v. *H. B. & N. Co.*, 60 id. 326; *Berry* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 289; *O'Mara* v. *H. R. R. R. Co.*, 38 id. 445; *Maher* v. *C. P. R. Co.*, 67 id. 52; *Swift* v. *S. I. Co.*, 123 id. 645.) The claim of defendant's counsel, that assuming the defendant's driver was negligent in placing

the plaintiff in an unsafe position, that was not the proximate cause of the accident; that an unforeseen event, to wit, the crowding of the plaintiff off the platform by the other boys' in their scrambling to get away from the driver, was the immediate occasion of the plaintiff's injury, and that for this the defendant was not responsible, is untenable. (*Sheridan* v. *B. & N. R. R. Co.*, 36 N. Y. 39; *Day* v. *B. C. R. R. Co.*, 12 Hun, 440; *Gibney* v. *State*, 137 N. Y. 1; *Lowery* v. *M. R. Co.*, 99 id. 158; *Phillips* v. *N. Y. C. & H. R. R. R. Co.*, 127 id. 657; *Ivory* v. *Town of Deer Park*, 116 id. 476; *Putnam* v. *N. Y. C. & H. R. R. R. Co.*, 47 Hun, 489; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Holton* v. *Town of Champion*, 128 id. 599; *Voak* v. *N. C. R. R. Co.*, 75 id. 320; *Gill* v. *R. & P. R. R. Co.*, 37 Hun, 107; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Houghtaling* v. *Shelley*, 51 Hun, 598; *Merrill* v. *FitzGibbons*, 29 id. 634; *Ryan* v. *Miller*, 17 Wkly. Dig. 112; *Lay* v. *N. Y. Central*, 19 id. 289; *Weiler* v. *Manhattan El. R. Co.*, 53 Hun, 377.) We have, up to this time, considered the plaintiff as an employee of the defendant, under a temporary employment in an emergency. That was the theory upon which the case was submitted to the jury, and the correct theory of this case. If the plaintiff was not an employee he was either a trespasser or must be classed as a passenger. If the plaintiff was not a passenger or an employee he was a trespasser. It matters not whether he be called a volunteer or by whatever name. If he was upon this car without the consent of the defendant, express or implied, he must be deemed to have been there against its will. (*Ansteth* v. *B. R. Co.*, 145 N. Y. 210; *Day* v. *B. C. R. Co.*, 12 Hun, 439; 76 N. Y. 593; *Clark* v. *N. Y., L. E. & W. R. R. Co.*, 40 Hun, 605; 113 N. Y. 670; *Hogan* v. *P., etc., R. Co.*, 124 id. 647; *Biddle* v. *H., etc., R. R. Co.*, 112 Penn. St. 551; *Benham* v. *F. H., etc., R. R. Co.*, 45 Conn. 284; *McCann* v. *S. A. R. Co.*, 117 N. Y. 505; Beach on Con. Neg. 387; 2 Thomp. on Neg. 1197, § 40; *P. & A. R. R. Co.* v. *Caldwell*, 74 Penn. St. 421; *Biddell* v. *H., etc., R. R. Co.*, 112 id. 551; *Wilton* v. *M. R. R. Co.*,

107 Mass. 108; 125 id. 130; *Muelhausen* v. *S. L. R. R. Co.*, 91 Mo. 332; *Brenan* v. *F., etc., Co.*, 45 Conn. 284; *Corcoran* v. *N. Y. E. R. R. Co.*, 19 Hun, 368; *P. Co.* v. *Hazard*, 75 Penn. St. 367; *M., etc., R. Co.* v. *Moore*, 41 Am. & Eng. R. Cas. 240; *Sherman* v. *Hanibal Co.*, 72 Mo. 65.)

ANDREWS, Ch. J.   On the first trial the jury disagreed. The plaintiff on the second trial recovered a verdict for $7,000, which the trial judge subsequently set aside for what he regarded as his own error in refusing a non-suit.   On appeal from the order setting aside the verdict, the General Term reversed the order and directed judgment on the verdict, which was entered, and this appeal is brought by the defendant from the order of the General Term and the judgment pursuant thereto.   The complaint alleges that the plaintiff was engaged in assisting in the management of the car under the direction of the driver, and was placed on the rear platform to drive the horse, and while so engaged was crowded from the platform by persons who were leaving the car, and was thrown under the wheels and injured, and that the injury was caused by the negligence of the defendant. The only specification of negligence contained in the complaint is that the platform on which the plaintiff was stationed for the purpose of driving the horse was an unsafe and unfit place upon which to put a boy of his age to perform the duty imposed upon him.

The trial judge submitted to the jury two questions, *first*, whether there existed such an emergency at the time as to authorize the driver of the car to employ outside assistance to get the car back to the switch, and, *second*, if the jury found that such an emergency existed, whether he was negligent in placing a young boy under the circumstances upon the platform to drive the horse.   The judge excluded from the consideration of the jury any claim of negligence other than the one set out in the complaint, and explicitly instructed them that unless they should find that the defendant was negligent in placing the plaintiff upon the platform to drive the horse,

the action could not be maintained. The question whether the driver was guilty of negligence in ordering the other boys to get off the car while it was in motion was not submitted to the jury. The trial judge seemed to assume that if the defendant was negligent in employing the plaintiff, by reason of his tender years, and placing him on the rear platform to drive the horse, it was chargeable for all that subsequently happened, independently of the question whether a new agency had intervened, which was the proximate cause of the injury. He granted the motion for a new trial because, upon further consideration, he had reached the conclusion that there was no negligence in employing the plaintiff for the service to which he was put, and also for the further reason that assuming there was negligence in this respect, it was not the proximate cause of the injury. The General Term, in reversing the order granting a new trial, expressed the opinion that the question of the defendant's negligence in placing the plaintiff upon the car to drive the horse, in view of his age and inexperience, was properly submitted to the jury, and that the verdict upon that ground was justified, but the court also held that the verdict could stand upon another ground, namely, the negligence of the driver in expelling the other boys from the car while in motion, in the manner disclosed by the evidence.

Whatever ground there might have been for presenting the case in this aspect to the jury, the verdict did not proceed upon that view. This aspect of the case was not presented to or passed upon by the jury. They were not permitted to consider it as a ground of their verdict, because the case was, by the explicit direction of the judge, made to turn upon the one question of negligence in placing the boy on the platform to drive the horse. The verdict, if sustained at all, must be sustained on the ground upon which the case was submitted to the jury. It would be obviously improper to sustain it on an independent ground which the jury were not permitted to consider. The trial judge, after the conclusion of the main charge in response to a request made by the defendant, but qualifying it, charged in substance that if the jury should find that the

driver was authorized under the circumstances to employ the
plaintiff to assist him, and that he was of sufficient age and
experience to make it proper for the driver to employ him
and place him in the position he did, the plaintiff was a
co-employee and could not recover, although the driver was
negligent in ordering the boys to leave the car while in
motion. The judge in this, as in the main charge, made the
liability to depend on the original negligence in employing the
plaintiff and placing him on the rear platform to drive the horse.

The counsel for the defendant, on the trial, excepted to
the submission to the jury of the question of the existence
of an emergency which authorized the driver to procure out-
side assistance, and also to the submission of the question of
negligence in employing the plaintiff to render the service
required. The judge at the trial and the judges at General
Term concurred in the view that an emergency existed which
justified the driver in employing assistance to escape from the
dilemma brought about by the meeting of the cars. It is not
claimed that the driver had any general authority to employ
servants for the defendant. If he had authority to employ
assistance under the circumstances of the case, it was an
authority outside of the general scope of his employment.
Clearly he had no authority, express or implied, to call upon
bystanders to assist him in the discharge of any service which
he himself could reasonably perform. If third persons under-
took upon his solicitation and for his convenience to assist him
in extricating the car from the blockade, when he could have
accomplished the work himself, no authority to employ
assistance could be implied. Such an implication could only
arise when, in view of all the conditions, the driver could
not himself without assistance, having a proper regard for
the safety of passengers and the care of the car, have
undertaken to take the car back to the switch. It is
obvious that the driver could not at the same time have
managed the brake and driven the horse. The driver of
the other car had his own car and the horse to look after, and
it does not appear that there was any other employee of the

company in the vicinity to whom the driver of the car which was to be moved could have applied for assistance. While the evidence is not very direct or satisfactory as to the necessity for aid, we think that question was properly submitted to the jury. The defendant gave no evidence upon the point. The conduct of the driver indicates that, in his opinion, assistance was necessary, and the jury might reasonably have reached the conclusion upon the evidence before them, in the absence of any contradictory evidence, that there was an emergency which gave to the driver authority to call in outside aid on the occasion. The authority of a servant is not in all cases confined to the rendering of personal service. In every business and employment there are exigencies which are not anticipated and which require a servant to act, in the absence of the principal, for the immediate protection of his interests, and he may do things in his interest when the emergency arises which transcend his usual authority, and they will be deemed to have been authorized.

The jury having found that such an emergency existed in this case, the employment of the plaintiff to drive the horse was the act of the principal, and if his employment in this service directly by the principal would have been an act of negligence, his employment by the driver, acting for the time being in place of the master, was a negligent act imputable to the defendant. The service which the plaintiff was called upon to render was unquestionably intended to be a gratuitous service. He went upon the car in compliance with the request of the driver. If the service required of the plaintiff was a dangerous one for a boy of his age, from which personal injury to him might reasonably have been anticipated, the defendant might justly be chargeable if injury happened which was the natural consequence of the employment. The plaintiff, by reason of his youth and inexperience, might not appreciate the risk, and he would not be held to the exercise of the same discretion and judgment in entering upon the service as would be required of an adult. The question whether a child is *sui juris* generally arises in actions based on negligence, and

where contributory negligence either of the child or his
parents is relied upon as a defense. The plaintiff was within
the authorities old enough to exercise some degree of care.
But if such a boy was an unfit person to place upon the plat-
form to drive the horse, on account of the danger of injury
to which it would expose him, it would be for the jury to
determine whether he knew the danger or was chargeable
with negligence in accepting the employment. But we are
of the opinion that there was no reasonable ground upon the
evidence for saying that the rear platform of the car was an
unsafe place to place the boy, or that there was any negli-
gence in placing him upon it to drive the horse. The plat-
form was three feet and more from side to side and was sepa-
rated from the horse by a dash or guard. If a man or boy
should fall from the platform when the car was in motion, he
would be in danger of being injured by the car, the platform
not being of the same width as the track upon which the car
ran. A person standing on the platform might fall from trip-
ping, or from being jostled by persons leaving the car, or by
reason of some obstruction on the track with which the car
might come in contact, or from other causes which may be
easily imagined. But the plain and practical question in this
case was, whether any of these occurrences ought reasonably
to have been anticipated as likely to happen if the boy should
be put upon the platform to drive the horse back to the
switch. We perceive no just ground for charging the defend-
ant upon such an hypothesis. It was in no sense the case of
putting a child at work upon a dangerous machine without
instruction and warning. The plaintiff, as his evidence indi-
cated, and as was stated to the jury, was a bright, intelli-
gent lad, living on the street traversed by the defendant's
cars. He was directed by his father to cut the ice from
the sidewalk and was engaged in chopping the ice when
he was requested by the driver to go upon the platform
to drive the horse. The horse so far as appears was tractable,
and when he started to drive there was no apparent reason
why he would not safely perform the service required of him.

If the other boys had not got upon the car and commenced swaying it, there is no suggestion that any injury would have happened. It resulted from an unexpected and unanticipated conjunction of circumstances, not attending the ordinary use of the platform. The fact that by reason of the irruption of the boys and their skurrying to get off the car upon the order of the driver, the plaintiff lost his hold upon the reins and he was jostled off the car, does not we think prove or tend to prove that the platform was an unsafe place, or that there was negligence in placing the plaintiff upon it to drive the car, and this as we have said is the negligence charged and upon which the case was submitted to the jury.

Upon the case as presented we are of the opinion that this question of negligence was improperly submitted to the jury and that the order and judgment of the General Term should be reversed and the order of the Special Term granting a new trial should be affirmed, with costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment accordingly.