## W. B. Conkey Co. v. Albert Bueherer, by His Next Friend.

1.   PRACTICE—*Modification of Instructions.*—A material modification of an instruction should be so made that the jury can not see what the court holds not to be the law.

2.   MASTER AND SERVANT—*Authority in Emergencies.*—The master is not liable for injuries to persons assisting his servant in an emergency, unless the servant is authorized to engage the services of such persons in emergencies, and no such emergency can exist if there are other servants of the same master present and ready to assist, and if with their help the servant could have accomplished the work in hand.

Action in the Case, for personal injuries.   Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.   Verdict and judgment for plaintiff: appeal by defendant.   Heard in the Branch Appellate Court at the October term, 1899.   Reversed and remanded. Opinion filed July 11, 1899.   Rehearing denied October 17, 1899.

F. J. CANTY and AMERICUS B. MELVILLE, attorneys for appellant; C. H. VAN ALSTINE, of counsel.

JOHN F. WATERS, attorney for appellee.

Mr. Justice Horton delivered the opinion of the court.

While one of the delivery wagons belonging to appellant was upon Van Buren street, between Wabash avenue and State street, in the city of Chicago, September 4, 1894, the rear axletree broke near the inner end of the hub of one of the wheels. The load which was upon the wagon when the break occurred was removed to another wagon belonging to appellant. The broken wagon was then taken by one of appellant's employes along Van Buren street to Plymouth place. In the view we entertain as to this case, we shall express no opinion as to whether the wagon was on Plymouth place at the time the plaintiff was injured.

At the request of the driver the appellee went under the wagon to adjust a scantling with one end upon the forward axletree and the other on the ground, the broken axletree resting on the scantling. While he was under the wagon the horse started forward and the wagon-body came down upon the appellee, causing severe injury. While the wagon was at the place where the appellee was injured, another wagon belonging to the appellant came along. The driver on that wagon drove to one side and stopped and went to the place where the broken wagon was standing. "Tommy" Lyon was the name of the driver with the broken wagon, and William Wegman that of the driver with the wagon which came there.

Wegman said to Lyon, "Can I help you?" To this Lyon replied, saying, "Have you a monkey-wrench and rope on your wagon?" Wegman replied, "I guess so." Appellee was there at the time this conversation was had. Wegman went to his wagon to get the monkey-wrench and rope, and while he was after these articles the appellee was injured.

The case was tried in the court below, and is argued in this court by counsel for appellee upon the theory that an emergency existed which authorized Lyon to employ assistance; that he did request appellee to assist him, and that appellee, having acceded to that request, became, in law, an employe of appellant. The case being before the court

and jury upon that theory, attorney for appellant asked the court to give to the jury the following instruction, viz.:

"The driver of the wagon in question did not have the authority to employ outside assistance so as to charge the defendant in this case with liability for his negligent acts or omissions, by reason of the mere fact that the wagon in question broke or was disabled. Before he would have such authority, at the time and place in question, such emergency must have existed as to call for additional assistance outside that, *if any*, obtainable from the defendant's servants and agents. *And if you believe from the evidence that other servants of this defendant were present in numbers sufficient to have accomplished the work in hand, then the said Lyon had not authority to employ other persons, and your verdict will be, not guilty.*

That portion of said instruction which is printed in italics was stricken out by the trial judge, and the instruction as thus modified was given.

This court is unanimously of the opinion that such modification of said instruction was erroneous. Appellant is not liable in this case unless Lyon was authorized to engage the services of appellee because of some emergency. No such emergency existed if there was another servant of appellant present ready to assist, and if he and Lyon could have accomplished the work in hand. There is no doubt but that the other driver came there where appellee was hurt. The jury should have been instructed as requested in that portion of this instruction which was stricken out by the court.

The record shows that "The court sent said modified and changed instructions to the jury, and said instructions showed the modifications and changes made thereon by the court."

Such a modification as this of an instruction should be so made that the jury may not see what the court holds not to be the law.

We are not unmindful of the fact that this is the mode in which instructions are frequently, and perhaps usually, corrected or modified. Neither can we shut our eyes to the fact that this must, or at least may, have had the same effect

as though the court had instructed the jury that such is not the law. The question presented by the erased portion of this instruction was correct and important, if not absolutely controlling.

As this case must be remanded for another trial, we refrain from expressing any opinion upon the testimony as to whether an emergency existed, such as the law recognizes, and also as to whether the doctrine of fellow-servant applies if there was such an emergency.

The judgment of the Superior Court is reversed and the cause remanded.