# Holmes, *pro ami*, v. Birmingham Southern R. R. Company.

*Action against a Railroad Company to recover Damages for Personal Injuries.*

1. *Negligence; when the relation of carrier, and not of master and servant, exists.*—In an action against a railroad company to recover damages for personal injuries where it is shown that at the time of the injuries sustained, the plaintiff was not in the employment of the defendant, but was in the employment of another corporation operating a furnace, and that the defendant, under contract with such other corporation,

[Holmes, *pro ami*, v. Birmingham Southern R. R. Company.]

was engaged in hauling coke for the latter company, and such company was under duty to have the cars of the defendant, when unloaded, swept out by one of its servants who had to ride to the place of delivering the coke on the defendant's cars, and that the plaintiff, at the time of the injury complained of was in the act of boarding one of the defendant's cars for the purpose of riding thereon, in order to sweep said car after the coke was unloaded, as was his duty, and that while so attempting to get upon such car, the train suddenly started, causing the plaintiff to fall, whereby he sustained injuries complained of, such facts do not show the existing relations of employer or employe between the defendant and the plaintiff, but show that the plaintiff was a passenger upon the defendant's car.

2. *When general affirmative charge should not be given.*—Where in the trial of a civil case the evidence in reference to the issue being tried is conflicting, or different minds may draw different inferences or conclusions from such evidence in reference to the question at issue, it is error for the court to give the general affirmative charge in favor of either of the parties to such suit.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellant, Peter Holmes, by his next friend, against the Birmingham Southern Railroad Company, to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant or its employes.

The substance of the several counts of the complaint is sufficiently shown in the opinion. The defendant pleaded the general issue and several special pleas. Among the special pleas were the following:

"4. Further answering each count of said complainant as amended, the defendant says that plaintiff is not entitled to recover in said action, because defendant says that after the committing of the said grievances as aforesaid, and before the bringing of this suit by the said plaintiff against the defendant, on, to-wit: the 9th day of April, 1900, the defendant paid to the said plaintiff the sum of thirty dollars, for and in full satisfaction and discharge of the said grievances in said declaration

mentioned, which said sum of thirty dollars he, the said plaintiff, then and there accepted and received of and from the defendant in full satisfaction and discharge of said grievances, being at the time twenty-one years of age or over.

"5. Further answering each count of said complaint as amended, defendant says that if plaintiff was injured by the negligence of any person, it was the negligence of a fellow-servant of the plaintiff, and not the defendant, wherefore this defendant says that plaintiff cannot recover in his said action."

The facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its favor, to the giving of which charge the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals and assigns as error the giving of the general affirmative charge requested by the defendant.

J. A. ESTES and W. K. SMITH, for appellant.—When a person is in the employment of one company and is injured by another, in order to entitle him to recover, he must show by the averment of his complaint that he had the right to be where he was at the time of his injuries, by reason of contractual relations, or that it was his duty to be there and that the defendant company had knowledge thereof; these facts are averred in the complaint in the case at bar and are supported by the strong tendency of the evidence. In fact, there is no testimony to the contract with reference to this point.—*Broslin v. R. C. M. & B. R. R. Co.*, 114 Ala. 398.

A railroad company is liable for personal injuries to employees of other companies, as a mail clerk or express agent working for the Express Company of the government as mail carrier. while on its train in the discharge of other duties.—*Gulf, Colo. & Santa Fe R. R. Co. v. Wilson*, 23 Amer. State Rep. 345, and foot notes to that case. This relation between an express messenger and the railroad company, on whose trains he runs,

is in principal the same relation as exists in the case at bar between the plaintiff and defendant.

A. G. & E. D. SMITH, *contra.*—If the action be a common law action, as insisted by counsel for appellant in the court below, and as shown by their demurrer to plea number 5, and not an action under section 1749 of the Code, and the appellant was engaged in the service of the appellee, then there can be no recovery, because if there was negligence which caused his injury it was the negligence of a fellow-servant, for which no action can be maintained against the appellee.—*Harris v. McNamara,* 97 Ala. 181; *L. & N. R. R. Co. v. Allen,* 78 Ala. 494; *R. R. Co. v. Holburn,* 84 Ala. 133; *Lovel v. DeBardeleben,* 90 Ala. 13; *Sheffield v. Harris,* 101 Ala. 564; *Wooward Iron Co. v. Cook,* 124 Ala. 349; *Smoot v. M. & M. R. R. Co.,* 67 Ala. 13.

In any event, no matter what the suit is, there can be no recovery on any count charging simple negligence. The plea of proximate contributory negligence is good as to them. Appellant testified himself that he knew the post was there, saying, "I knew the post was there, but had forgotten it," and "the post being there had slipped my memory."—*Chewning v. Railroad Co.,* 100 Ala. 493; *Wood v. R. & D. R. R. Co.,* 100 Ala. 660; *McLaren v. R. R. Co.,* 100 Ala. 506; *Hall v. L. & N. R. R. Co.,* 87 Ala. 719; *R. R. Co. v. McAdory,* 109 Ala. 636.

HARALSON, J.—The complaint consists of fourteen counts. The 1st, 2d, 3d, 7th, 8th, 9th and 14th, count upon the simple negligence of the defendant; and the 10th, 11th, 12th and 13th, count upon the wantonness of defendant in inflicting the injury.

There were demurrers interposed to the first twelve counts, but these do not appear to have been acted upon. When counts 13 and 14 were added by amendment, defendant demurred to each of them, and these do not appear to have been passed on. The defendant filed pleas to each count of the complaint, taking issue thereon, and pleaded specially, to counts 13 and 14, setting up the contributory negligence of the plaintiff, which pleas

were demurred to, and the demurrers were sustained. It thus appears, there was no plea of contributory negligence in the case at all, and it was tried on each of the counts under the plea of the general issue, and on issue joined on special pleas 4 and 5.

The counts were not drawn under section 1749 of the Code of 1896, known as the Employer's Liability Act, for injury to the plaintiff by defendant for the negligence of a fellow-servant of the plaintiff. The plaintiff was not in the employment of the defendant company, and it is not so alleged. This would have been necessary to sustain the suit under that act.—*G. P. R. R. Co. v. Propst,* 85 Ala. 203; Elliott on Railroads, § 134.

The plaintiff, as averred, (and shown by the tendencies of plaintiff's evidence), was in the employment of the Tennessee Coal, Iron & R. R. Company, another and distinct company from defendant; that defendant ran its cars to and from a stock-house of the former company, for the purpose of their unloading; that it was the agreement and rule between the two, that when defendant delivered a car or train load of coke to the other company at said stock-house, the cars, when unloaded, were to be swept out and cleaned by the said T. C., I. & R. R. Company, by one of its servants who had to ride to the place on one of defendant's cars; that it was the duty of the defendant to convey such servant on its cars to the place of unloading, where it became the duty of such servant to sweep out and clean said cars when unloaded; and in carrying such servant, it was the duty of defendant to do so in the exercise of due care; that one of the T. C., I. & R. R. Company's servants, who was in the exercise of superintendence entrusted to him over the plaintiff and other hands, ordered and directed plaintiff, as was customary to be done, to go on the cars of defendant for the purpose aforesaid; that the servant of defendant knew that it was the duty of plaintiff when so ordered, to get upon defendant's cars to go to said stock-house for the purpose stated, and they stopped the cars on the occasion of this accident, for the plaintiff to get on; that in the act of boarding the cars, he caught hold of one of them, and was in the act of ascending the

same, when the train, by signal to the engineer by one in charge of it, was suddenly started with such violence and rapidity, that plaintiff was .struck by and against a post, which was near and in close proximity to the car, and so known to be by defendant's employes in charge operating the train; and thereby plaintiff was knocked off of the car on to the railroad track and run over, and the injury complained of was inflicted on him. It is averred, that defendant operated said car or train by and through its servants, agents and employes in a negligent and improper manner, which negligence proximately caused the plaintiff's injuries.

The suit was intended to be and is, a common law action by plaintiff against defendant for the injuries done him. It proceeds upon the theory, that plaintiff was invited upon the train by defendant, for purposes partly its own, and that he was, to this end, a passenger, to whom defendant owed the duty of exercising due care in his transportation; and the fact that the injury resulted from the negligence of one of the defendant's employes, who was in no sense a fellow-servant of the plaintiff, did not relieve the company from liability.

The principle arose and was passed on by the appellate court of Missouri, in the case of *Mellor v. Missouri P. Ry. Co.*, reported in 10 L. R. A. 36; 105 Mo. 455, in reference to a mail carrier of the government, where it was said: "That plaintiff was riding upon the defendant's train by virtue of some contract or agreement between defendant and the Federal Government touching the carriage and care of the United States mail, was clearly established by the testimony. Plaintiff's contention, that in such a situation he should be regarded as a servant, we consider too untenable for serious discussion. There was neither allegation nor proof on defendant's part that plaintiff was in its employ in any capacity, and certainly no such inference fairly arises from any of the facts in evidence. This being so, there is no foundation on which to predicate a defense that plaintiff's injuries arose from any negligence of a fellow-servant. The train operators were clearly not such to him. Defendant's duty to him, so far as concerned

safe transportation, was as a passenger."—(Citing) *Seybolt v. N. Y. L. E. & W. R. Co.*, 95 N. Y. 562; 47 Am. Rep. 75; *Yeomans v. Contra C. S. Nav. Co.*, 44 Cal. 71; *Collet v. London & N. W. R. R.*, 16 Ad. & El. N. S. 984; *Hammond v. N. E. R. R. Co.*, 6 S. C. 130; 24 Am. Rep. 467. Mr. Ray, in his Negligence of Imposed Duties, p. 8, touching mail agents on trains, which is here applicable, says: "Indeed it will be generally accepted as law , that a United States mail agent on a train in the performance of his duties in charge of the mail, is a passenger, and the railroad company, in an action against it for injury to him while so employed, is not to be relieved from the negligence of its servants on the ground that plaintiff was a fellow servant with them." *Broslin v. K. C. M. & B. R. R. Co.*, 114 Ala. 398.

The evidence of plaintiff, showed that the post that plaintiff struck was one of the corner posts of the shed to the stock-house, and was about ten inches from the car in passing, and a man could not go between it and a car; that the defendant's engineer had been running these trains every day, and sometimes twice or more, and he knew how close this post was to the cars; that he always stopped there for some one to get on, to go out and sweep and clean the cars at the stock-house and had been doing this for a good long time, and Coote McAdory had been having these cars swept and attended to for some months.

The question raised by the 4th plea,—that plaintiff had settled and been paid for this claim, before the commencement of this suit,—has not been noticed in argument on either side. The plaintiff on his cross-examination testified, that a Mr. Williams paid him some money and he touched a pen, but he did not know what it was he signed; that Williams came to his house, about four months after he was hurt, and desired him to go to Birmingham with him, when plaintiff told him he had no money, and Williams said, that was all right, he had money; that Williams carried him to Birmingham and into his office, and said touch this pen and he gave me $30; that Williams said, "Peter, this company wants to make some kind of a settlement with you; they

[Holmes, *pro ami*, v. Birmingham Southern R. R. Company.]

have carried you as long as they can, and no railroad company is under obligations to carry one as long as we have carried you. He then told me touch that pen, and did not read or explain to me anything that I was signing."

The court gave, at defendant's request, the general charge in its favor.

Under the evidence in the case, we apprehend this was an erroneous instruction. Whether the defendant was or not guilty of negligence in transporting the plaintiff to the stock-house, or of wantonness in inflicting the injury, and whether or not the plaintiff settled his claim with the company, before suit was brought, were questions for the determination of the jury under proper instructions from the court. The rule on the subject has been stated to be, that "in all cases not free from doubt, either when the evidence is conflicting, or where it is not, and different minds may draw different inferences or conclusions on the subject, the question of negligence, (or any other question subject, under the evidence, to the same inference) is one of fact for the determination of the jury. It becomes a question of law to be determined by the court, only when the case is so free from doubt as that inference of negligence to be drawn from facts is clear and certain."—*Mouton v. L. & N. R. R. Co.,* 128 Ala. 539, and authorities there cited.

The case in hand, under the evidence disclosed, falls clearly within this rule.

Reversed and remanded.

TYSON and SHARPE, JJ., *dissenting.*