# Grissom *v.* A. & B. Air Line Ry.

## *Injury to Employe.*

(Decided July 2, 1907. 44 South. 661.)

*Master and Servant; Relationship; Evidence.*—In the absence of proof of emergency or necessity for intestate's employment, or that his brother had authority to engage in assistant, the relation of master and servant did not exist between defendant and intestate, although intestate voluntarily assisted his brother in and about a pumping station of defendant with the knowledge and consent of defendant, and defendant, therefore, owed him no duty as a servant.

Appeal from Anniston City Court.

Heard before Hon. Thomas W. Coleman, Jr.

Action by C. W. Grissom as administrator against the A. & B. Air Line Ry., for the death of his intestate alleged to have been an employe of defendant. There was

judgment sustaining demurrers to the complaint, and plaintiff appeals.    Affirmed.

BLACKWELL & AGEE, for appellant.—The facts alleged in the different counts of the complaint showed that plaintiff's intestate was a servant or employe of defendant.—*Dean v. E. T. V. & G. R. R. Co.*, 98 Ala. 586; Wood on Master & Servant, §§ 305-6.

W. C. TUNSTALL, for appellee.—Counts 1, 2, 3, 4, and 7 do not state a cause of action under the Employer's Liability Act.—*Logan v. C. I. & C. Co.*, 139 Ala. 551; *Holmes v. B. S. R. R. Co.*, 140 Ala. 208; *G. P. R. R. Co. v. Propst*, 85 Ala. 203; *Broslin v. K. C. M. & B. R. R. Co.*, 114 Ala. 398; *Ensley R. R. Co. v. Chewing*, 93 Ala. 24; 13 Ency. P. & P. 893. The defendant was not guilty of negligence of which plaintiff can complain. The duty must be due to the person injured.—*Southern Ry. Co. v. William*, 143 Ala. 212; *Ackers v. Chicago, etc., R. R. Co.*, 58 Minn. 544; *O'Leary v. Brooks Elevator Co.*, 41 L. R. A. 677. Plaintiff cannot recover in this case under the statement of his complaint.—*Southern Ry. Co. v. Guyton*, 122 Ala. 240; *G. P. R. R. Co. v. Propst, supra;* *McAuley v. Tenn. C. I. R. R. Co.*, 93 Ala. 356; *S. I. & S. Co. v. Knowles*, 129 Ala. 410.

SIMPSON, J.—This appeal is from the judgment of the court sustaining certain demurrers to counts in the complaint.  The action is for damages on account of the death of plaintiff's (appellant's) intestate, and the main contention is whether or not the counts demurred to allege such a relation between said intestate and the defendant as to create the status of master and servant and render the defendant liable for negligence. The counts do not aver that the relation of master and ser-

vant, or employer and employe, existed, but state that the intestate's brother was in the employ of defendant, and that his duties were to pump water into a tank along the line of the defendant's railroad, by means of a gasoline engine for the use of locomotives, and that his said brother "had plaintiff's intestate to assist and aid him in running the gasoline engine and keeping the tank filled with water," and that he "had been so assisting * * * for about two years prior to" the date of the accident, "with the knowledge and consent of the defendant," or, as stated in the third count, that "said intestate, a youth 16 years of age, was operating said pump from day to day, with and by the knowledge of the defendant and of defendant's pump repairer." "Actionable negligence is the failure to discharge a legal duty to the person injured. If there is no duty, there is no negligence. * * * The duty must be to the person injured."—*Southern Ry. Co. v. Williams;* 143 Ala. 212, 38 South. 1013. It follows that it is necessary for a complaint, claiming damages for an injury caused by negligence, to allege such relationship between the plaintiff and the defendant as to raise the duty.—*Logan Adm'r v. Central Iron & Coal Co.,* 139 Ala. 548, 36 South. 729; *Holmes v. Birmingham Southern R. R. Co.,* 140 Ala. 208, 213, 37 South. 338; *Ensley Railway Co. v. Chewning,* 93 Ala. 24, 25, 9 South. 458; 13 Am. & Eng. Ency. Pl. & Pr. 893.

The only suggestion of any relation, raising a duty, is that of employer and employe. This court has said that "under the statute the party claiming damages must be an employe at the time of the injury, by contract, express or implied, binding on defendant."—*Ga. Pa. R. R. Co. v. Propst,* 85 Ala. 203, 205, 4 South. 711. Even if he is an employe, he must be acting within the scope of his

employment at the time of his injury.—*Southern Railway Co. v. Guyton,* 122 Ala. 231, 240, 25 South. 34. Although there are a few cases, in other states, which do not adhere closely to the rule, yet the great weight of authority is that a person who volunteers to assist an employe, whether by request or otherwise, cannot thereby establish the relation of employer and employe, so as to claim for negligence, based on the duty which the employer owes to the employe.—2 Labatt's Master & Servant, § 630; *Everhart v. Terre Haute & Indianapolis R. R.,* 78 Ind. 292, 41 Am. Rep. 567, 571; note to *Fox v. Sanford,* 67 Am. Dec. 597; *Church v. Chicago, M. & St. P. R. Co.,* 50 Minn. 218, 52 N. W. 647, 16 L. R. A. 861, and note; *Evarts v. St. Paul, M. & M. R. Co.,* 56 Minn. 141, 57 N. W. 459, 22 L. R. A. 663, 45 Am. St. Rep. 460, and note; *Southern Railway Co. v. Guyton,* 122 Ala. 231, 240, 25 South. 34.

It is insisted, however, that the allegations of these counts present a case where the employer, by assenting to the service performed by the intestate, virtually made him its employe, so that the duties of master were assumed. There are some intimations in the books of such a principle. In the case of *Bradley v. N. Y. Cent. R. R.* 62 N. Y. 99, a party who was called by a foreman to aid in removing snow was held entitled to recover; but in that case the party was employed by the foreman, and the reason for the decision was that it was evidently within the powers of the foreman to employ aid on such occasions.—Page 102. The case of *Barstow v. Old Colony R. R.,* 143 Mass. 535, 10 N. E. 255, after stating that, if the intestate was a mere licensee, the only duty owed him by the defendant was "not to injure him wantonly or willfully," merely goes on to remark that if he undertook voluntarily to perform service for the corporation,

8 R

and the agent assented to it, he placed himself in the position of a servant, and could not claim to occupy any better position than that of servant. This is a very different proposition from his being able, by such voluntary service, to establish the relation in favor of himself and against the master.—*A. & W. P. R. R. v. West,* 49 S. E. 711, 121 Ga. 641, 67 L. R. A. 701, 104 Am. St. Rep. 179. In the case of *Central Tr. Co. v. Texas & St. L. Ry.,* (C. C.) 32 Fed. 448, the party seeking to recover was either directed or accepted by the yardmaster, who had the authority to employ him. As stated by Labatt: "The essence of the defense, in this instance, is simply that a person cannot be subjected, without his own consent or that of his agent, to the obligations which the law has attached to the contract of hiring."—Volume 2, § 630. It is difficult to see how the mere fact that the employe had the intestate aiding him, with the knowledge and consent of the master, could amount to an acquiesence on the part of the employer in said intestate's assuming the place of an employe. At best, it could be but a recognition of the fact that said intestate chose to exercise the privilege of a licensee. There is no pretense that he was employed by any one, or had assumed any obligation to do the work, much less that any one had assumed any obligation to him. No emergency, or necessity, for his employment is shows, nor is there any intimation that the employe with whom he was, had any authority to engage an assistant. Presumably he merely had him there in ease of his own labors.

This disposes of the demurrers to counts 1, 2, 3, 4, and 7. The demurrer to count 5 was overruled. Count 6 does not allege any injury.

The judgment of the court is affirmed.

Affirmed.

Tyson, C. J., and Haralson and Denson, JJ., concur.