# Sloss-Sheffield Steel & Iron Company v. Moore.

*Damage for Injury to Servant.*

(Decided June 19, 1912.  59 South. 311.)

1. *Negligence; Action; Complaint.*—The averments of a complaint based on negligence must be such that they can be satisfied only by evidence upon which to predicate the liability of a defendant, and hence, a complaint in negligence so framed that the evidence supporting it will not disclose a condition from which the liability of the defendant necessarily results, is subject to demurrer.

2. *Master and Servant; Injury; Complaint.*—In an action for injuries to a servant, a complaint alleging that while the servant was in the employment of the master, and engaged in or about the work for the master at or in a stove used in connection with the master's iron-making business, a piece of metal fell on the servant, injuring him, fails to show that the servant was injured, while engaged in the performance of his duties under his employment, and for that reason was demurrable.

3. *Same; Scope of Employment.*—Where a servant is engaged to do a particular service, and voluntarily undertakes to perform a different service and is injured, he cannot recover. This rule has no application where a servant was injured when not actually engaged in labor at the time in the line of his employment, such as going to get a drink of water, or meals or other such necessary acts, as such acts are necessarily in the contemplation of the parties in every employment.

APPEAL from Birmingham City Court.
Heard before Hon. H. A. SHARPE.

Action by Charles C. Moore against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint is as follows: "Count 1. Plaintiff claims of defendant $5,000 damages, for that heretofore, to wit, on the 6th day of February, 1909, defendant was engaged in or about work upon an apparatus, to wit, a stove used at or in connection with its iron making furnace in or near North Birmingham in Jefferson county, Ala.; that on said date, while plaintiff was in the service or employment of the defendant, and engaged in or about the work for the defendant at or in said stove, a piece of metal or other heavy article fell upon or against plaintiff, and as a proximate consequence thereof (here follows catalogue of injuries). Plaintiff avers that said piece of metal or other heavy article fell upon or against him as aforesaid, and he suffered said injuries and damages by reason and as a proximate consequence of the negligence of a person in the service or employment of the defendant who had superintendence intrusted to him whilst in the exercise of such superintendence, viz., said person, to wit, Lindsey Bruce, negligently in the exercise of such superintendence caused or allowed said piece of metal or other heavy object to fall upon or against plaintiff as aforesaid." Count 2. Same as 1, except the negligence is alleged to be that of one Charles Williams while in the exercise of superintendence. The demurrers were that the counts do not state a cause of action, and fail to show that defendant violated any duty owing to plaintiff. It does not appear that plaintiff was injured while in the performance of his duties under his said employment.

TILLMAN, BRADLEY & MORROW, FRANK DOMINICK, and JOHN S. STONE, for appellant. The court erred in

[Sloss-Sheffield Steel & Iron Company v. Moore.]

overruling demurrers to counts 1 and 2 of the complaint.—*So. Ry. v. Guyton*, 122 Ala. 240; *Ga. Pac. v. Propst*, 85 Ala. 203. The court erred in sustaining demurrers to plea 3 as amended.—*So. Ry. v. Guyton, supra; Coosa M. Co. v. Williams*, 133 Ala. 611; *George v. M. & O.*, 109 Ala. 245; *Woodward I. Co. v. Andrews*, 114 Ala. 243. The court erred in refusing the charges requested by defendant, relative to contributory negligence and assumption of risk.—*Holland v. T. C. I. & R. R. Co.*, 91 Ala. 444; *So. Ry. v. Arnold*, 114 Ala. 183; *A. G. S. v. Boothe*, 110 Ala. 267; *L. & N. v. Stutz*, 105 Ala. 368, and authorities supra. A servant is under the duty to use reasonable care for his own protection.—1 Leb. sec. 328.

BOWMAN, HARSH & BEDDOW, for appellee. The case cited by appellant demonstrate the correctness of the court's ruling in sustaining the complaint. It is further fortified by the case of *Rciter-Connolly M. Co. v. Hamlin*, 144 Ala. 192; *A. G. S. v. McWhorter*, 47 South. 87. Counsel cite the cases holding the rule that an employer is liable to an employe injured while not actually engaged in his employment, but going for water or for meals, etc. The court did not err in sustaining demurrer to plea 3.—Authorities cited by appellant. The charges were bunched, and therefore, properly refused. —*Teague v. Lindsey*, 106 Ala. 266; *So. Ry. v. Douglass*, 144 Ala. 359. The minds of the jury may be in confusion, more or less, and yet reasonably satisfied.—*Harris v. Russell*, 93 Ala. 63; *Gillespie v. Hester*, 160 Ala. 444. Counsel criticize the authorities cited by appellant in support of the charges refused, and conclude that they are not applicable, or that they condemn the various charges to which they are cited.

PELHAM, J.—The appellee, as plaintiff in the trial court, sued the defendant for personal injuries alleged

to have been received by the plaintiff while in the employ of the defendant. The first assignment of error goes to the court's action in overruling demurrers to the two counts of the complaint. The allegations of each count are to the same effect, in that they each aver "that on said day, while plaintiff was in the service or employment of defendant, and engaged in or about work for the defendant at or in said stove," etc. The objection urged to the sufficiency of these counts—and the question was presented to the trial court by demurrer—is that it does not appear from the allegations of the complaint that the plaintiff was injured while engaged in the performance of his duties under his said employment.

Whenever a count is so framed that the evidence satisfying its averments will not disclose a condition from which the liability of the defendant necessarily results, or that the evidence supporting its averments may or may not disclose a condition from which a liability must result, it is subject to demurrer. The averment must be such that it can be satisfied only by evidence upon which the liability of the defendant can be predicated.

It is established in the case of *So. Ry. Co. v. Guyton*, 122 Ala. 231, 25 South. 34, that if the servant is employed to do a certain service, and he is injured in the performance of a different service voluntarily undertaken, although for the same master, liability for the injury does not follow.

Under the averments of the counts, the subject of consideration in this case, in relation to the employment and the work the plaintiff was doing when injured, these averments would have been fully satisfied by proof that the plaintiff was employed by the defendant to perform one service and that he was injured while voluntarily

doing an entirely different thing. Under such conditions the evidence would not have disclosed the liability of the defendant, under the principle declared in the case of *So. Ry. Co. v. Guyton, supra,* although the counts would have been proved as laid. The demurrers therefore were well taken.

The case of *So. Ry. Co. v. Guyton* on this proposition is not out of harmony with the general line of decisions in this state on the principle discussed. To the same effect is *Ga. Pac. Ry. Co. v. Propst,* 85 Ala. 203, 4 South. 711, and the *Guyton Case* has been followed and approved several times, and the principle involved here referred to approvingly in the case of *Grissom v. A. & B. Air Line Ry.,* 152 Ala. 110, 112, 44 South. 661, 13 L. R. A. (N. S.) 561, 126 Am. St. Rep. 20.

Those cases which permitted recovery where the plaintiff was not actually engaged in labor in the strict line of employment, but was going for a drink of water, or to answer a call of nature, or to get his meals, do not conflict with the principle announced in the cases above referred to and followed by us. Such acts are the inevitable and necessary incidents of daily life, and therefore of necessity in the contemplation of the parties in every employment. There is a broad distinction between an unskilled laborer, for instance, going for a drink of water, and the same laborer leaving some simple employment to voluntarily engage in one highly complicated, and requiring, perhaps, expert knowledge to avoid injury to himself. It might well be assumed that the master contemplated the risks incident to and taken by a teamster while getting a drink of water, while the same thing could not be said should the teamster voluntarily undertake to handle dangerous and complicated machinery.

21 CA

The pleadings on another trial will be different, and we will not discuss other assignments of error.

Reversed and remanded.