6 So.2d 864

**BURKHALTER v. BIRMINGHAM ELECTRIC CO.**

**6 Div. 886.**

Supreme Court of Alabama.

Feb. 19, 1942.

Rehearing Denied March 12, 1942.

Lange, Simpson, Brantley & Robinson and W. P. Rutledge, all of Birmingham, for appellee.

Harsh, Harsh & Hare, of Birmingham, for appellant.

THOMAS, Justice.

The court sustained demurrers to the count as amended and plaintiff took a nonsuit for such adverse ruling of the court.

The unusual provisions of the complaint setting forth the facts ascribing negligence to the defendant car company are contained in the statement of the case.

The sufficiency of the pleading is construed most strongly against the pleader. Thompson et al. v. City of Mobile, 240 Ala. 523, 199 So. 862. In considering the complaint, the particular facts averred must show whether or not an emergency existed. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.

It is the insistence of appellee that it is immaterial whether such emergency reasonably appeared to exist to the motorman of the Birmingham Electric Company at such time and place of operation (Birmingham Ry. Lt. & Pr. Co. v. Weathers, 164 Ala. 23, 51 So. 303; Central Kentucky Traction Co. v. Miller, 147 Ky. 110, 143 S.W. 750, 40 L.R.A.,N.S., 1184),—that the averred facts must show the existence of such emergency.

As to this contention the appellants say that if an unforeseen contingency arises rendering it necessary in the employer's interest that his employe in charge at the time and place have temporary assistance, the law implies authority to procure such necessary help, and for such action of the employe, the master is liable for injury negligently inflicted by such temporary assistant. Georgia Pac. R. Co. v. Propst, 83 Ala. 518, 3 So. 764; Id., 85 Ala. 203, 4 So. 711; Marks v. Rochester Railway Co., 146 N.Y. 181, 40 N.E. 782; 9 Am.Neg.Cas. 639; 76 A.L.R. 964.

In the case of St. Louis & San Francisco R. R. Co. v. Hunt, 6 Ala.App. 434, 60 So. 530, 531, it is observed: " 'In such cases the master—that is, the railroad company—must be regarded as constructively present, and some one must be regarded as invested with a discretion and a right to speak in his name. One thus speaking, although ordinarily a servant, may now have the authority of an agent. He may have a right to give orders, and, although ordinarily a servant with those whom he addresses, he is now elevated, by necessity, to a higher position. He can command and they must obey.' American Railroad Law (Baldwin) p. 253, § 8; Georgia Pac. Ry. Co. v. Propst, 83 Ala. 518, 3 So. 764; 3 Thompson On Neg. §

3175; 5 Rapalje & Mock's Dig. Railway Law, p. 734."

In St. Louis & San Francisco Railroad Co. v. Bagwell, 33 Okl. 189, 124 P. 320, 40 L.R.A.,N.S., 1180, many authorities are collected to the following effect:

"It is a rule universally recognized that the relationship of master cannot be imposed upon a person without his consent, express or implied. But it is also a rule equally well recognized that a servant may engage an assistant in the case of an emergency, where he is unable to perform the work alone.

"The general rule is well stated in Aga v. Harbach, 127 Iowa [144], 152, 102 N.W. 833, 109 Am.St.Rep. 377, 4 Ann.Cas. 441, which is quoted at length in St. Louis & S.F.R. Co. v. Bagwell.

"See also Central Kentucky Traction Co. v. Miller, [147 Ky. 110], (143 S.W. 750), [40 L.R.A.,N.S.] 1184.

" 'An emergency employee, called on by another employee to assist him, for however short a time, becomes a fellow servant, and subject to the rules of law applicable to the injury of a servant by his fellow. But he must be so called on as of necessity in order to make him an employee, for a servant has no authority to call on another to help him in his master's business as of necessity unless the necessity exists. If he can do the work himself, there is no occasion of necessity to imply power in him to employ assistance.' Fiesel v. New York Edison Co., 123 App.Div. 676, 108 N.Y.S. 130.

"The vital question in cases of this character is, Does an emergency actually exist? It is to be noted that in case an emergency of this character has been found to exist, the emergency assistant, while he is entitled to all the rights and privileges of a servant, is also subject to the obligations of a servant, being in particular subject to the operation of the fellow-servant rule." (Parenthesis supplied)

The doctrine of "emergency employment" is here presented. This rule was applied in Georgia Pac. R. Co. v. Propst, 83 Ala. 518, 3 So. 764, supra. In that case one of the brakemen of the train was sick and the conductor, feeling that he had not sufficient available force of brakemen to manage his train, requested Propst to supply the place of the sick brakeman. The court held from such facts that a sudden emergency had arisen, and that the conductor had the

expressed authority to supply the place of the sick man; and on the second appeal in the same case, reported in 85 Ala. 203, 4 So. 711, supra, it was held that under the facts as developed on the trial Propst was not employed by the conductor and recovery was denied.

The doctrine was again considered in Grissom v. Atlanta & B. Air Line Ry., 152 Ala. 110, 44 So. 661, 13 L.R.A.,N.S., 561, 126 Am.St.Rep. 20, wherein it was held that the evidence was not sufficient to show such an emergency existed.

We have indicated above that the Court of Appeals in St. Louis & San Francisco R. R. Co., v. Hunt, 6 Ala.App. 434, 60 So. 530, supra, held that the situation in that case created an emergency.

In 76 A.L.R. pp. 963, 964, 965, under the general annotation "Implied authority of servant to employ another in emergency so as to create relation of master and servant," many cases are collected to the following effect:

"* * * The great majority of the cases have arisen in actions for injury to the alleged servant. It may be stated, however, that in a few instances the action was brought by a third party seeking to hold a defendant liable for acts of an alleged servant. No distinction has been made between the two situations.

*      *      *      *      *

"The rule that a servant has implied authority in an emergency to employ an assistant, and that the person employed becomes a servant of the master, has been applied in a number of cases. * * * Alabama.—See Georgia P. R. Co. v. Propst (1887) 83 Ala. 518, 3 So. 764, 13 Am.Neg. Cas. 9 (second appeal in (1887) 85 Ala. 203, 4 So. 711) * * *.

*      *      *      *      *

"In addition, there are a number of cases wherein the rule has been recognized, but not applied. In most of these cases, the opinion indicates that the rule would have been applied if the evidence had shown that an emergency existed.

"Alabama.—Grissom v. Atlanta & B. Air Line R. Co. (1907) 152 Ala. 110, 44 So. 661, 13 L.R.A.,N.S., 561, 126 Am.St.Rep. 20."

This annotation cites the case of Marks v. Rochester R. Co. 1895, 146 N.Y. 181, 40 N.E. 782, 784, 9 Am.Neg.Cas. 639, speaking of it as "a case often cited in support of the rule." The most pertinent observation in

that opinion is: "The counsel for the defendant, on the trial, excepted to the submission to the jury of the question of the existence of an emergency which authorized the driver to procure outside assistance, and also to the submission of the question of negligence in employing the plaintiff to render the service required. The judge at the trial and the judge at general term concurred in the view that the emergency existed which justified the driver in employing assistance to escape from the dilemma brought about by the meeting of the cars. It is not claimed that the driver had any general authority to employ servants for the defendant. If he had authority to employ assistance under the circumstances of the case, it was an authority outside the general scope of his employment. Clearly, he had no authority, express or implied, to call upon bystanders to assist him in the discharge of any service which he himself could reasonably perform. If third persons undertook, upon his solicitation, and for his convenience, to assist him in extricating the car from the blockade, when he could have accomplished the work himself no authority to employ assistance could be implied. Such an implication could only arise when, in view of all the conditions, the driver could not himself, without assistance, having a proper regard for the safety of passengers and the care of the car, have undertaken to take the car back to the switch. It is obvious that the driver could not at the same time have managed the brake and driven the horse. The driver of the other car had his own car and the horse to look after, and it does not appear that there was any other employé of the company in the vicinity to whom the driver of the car which was to be moved could have applied for assistance. While the evidence is not very direct or satisfactory as to the necessity for aid, we think that question was properly submitted to the jury. The defendant gave no evidence upon the point. The conduct of the driver indicates that, in his opinion, assistance was necessary, and the jury might reasonably have reached the conclusion upon the evidence before them, in the absence of any contradictory evidence, that there was an emergency which gave to the driver authority to call in outside aid on the occasion. The authority of a servant is not in all cases confined to the rendering of personal service. In every business and employment there are exigencies which are not anticipated, and which

require a servant to act, in the absence of the principal, for the immediate protection of his interests; and he may do things in his interest, when the emergency arises, which transcend his usual authority, and they will be deemed to have been authorized."

 Looking to the averred facts of the amended complaint, it will be noted that the third party accosted by the street car motorman stated that he was not competent to operate the truck. Therefore, amended counts A, B, C and D were subject to demurrer. Count E states the facts more in detail and avers that "on said occasion the said Murphy informed said motorman that he was not the driver of said truck and that he was not in charge thereof and that he was not competent to operate the same, and plaintiff avers that thereafter the said motorman again instructed and required the said Murphy to clear said obstruction from said street car track by driving said truck to a position where said timber would not obstruct said street car track.

"And plaintiff avers that on said occasion in compliance with said requirements and instructions of said motorman the said Murphy did attempt to drive or mechanically operate said truck into such a position that said timber would no longer obstruct said street car track, and in so doing did negligently operate said truck and negligently caused or negligently allowed the same to run into or against the plaintiff or into objects which were thereby propelled against the plaintiff, and as a proximate consequence of all of the foregoing the plaintiff was injured in various parts of her person, and plaintiff suffered the wounds, injuries and damage set forth and claimed in the first count of her complaint in this cause, wherefore she sues."

Thus a case was alleged against the master for the instruction and requirement of said Murphy by defendant's agent in charge, in that said motorman again instructed and required the said Murphy to clear said obstruction from the track, etc., and that in his effort so to do, as so instructed, the injury and damage resulted. We are of opinion that Counts F, G, and H were subject to demurrers directed thereto.

 However, under the authorities cited supra Count E, as well as Counts A, B, C, D, F, G and H, is defective in not averring facts sufficient to show that the emergency existed. W. B. Conkey Co. v. Albert Bueherer, 84 Ill.App. 633.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.

### On Rehearing.

THOMAS, Justice.

The averments of Count E have been re-examined by the Justices and they are of opinion that no error was committed in our former ruling. It is shown that there were two servants of the defendant engaged in the conduct of the operation of its street car at the time and place in question. The facts as averred show that no emergency existed authorizing the calling of a third person to remove the obstruction from the defendant's track. It is averred that the conductor and motorman were in charge of the street car and under such averments one of them may have moved the obstructing truck without calling a third party.

The application for rehearing is overruled.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.