# Georgia Pacific Railroad *v.* Propst.

*Action for Damages by Minor, for Personal Injuries.*

1. *Sufficiency of complaint, in averments of negligence and defects in machinery or appliances.*—Each count of the complaint in this case, seeking to recover damages of an employer for injuries sustained by an employee while engaged in the service (Code, § 2590), in its averments of negligence and defective machinery and appliances, sets forth a substantial cause of action with sufficient certainty and definiteness.

2. *Statutory liability of employer, for injuries to employee.*—To authorize a recovery by an employee against his employer, for personal injuries resulting from negligence, defective machinery, &c. (Code, § 2590), it must appear that, at the time of the injury, the plaintiff was in the employment of the defendant, under a binding contract, express or implied, and that the injury was received while he was rendering the particular service required by that employment, or was obeying the orders of a superior to which he was bound to conform; and if at the time he was engaged, by way of accommodation, or self-assumed, in a more hazardous service not pertaining to his particular employment, he has no cause of action.

3. *Same; injuries to brakeman employed by conductor.*—A railroad conductor has implied authority to employ a brakeman temporarily during the trip, when rendered necessary by the illness or other incapacity of a regular brakeman; and the railroad company is liable to the person so employed, for injuries received in the service while acting under the orders of the conductor; but, where it appears that the person injured was in the employment of the company as a night watchman, was on the train, not in the discharge of any duties required by his employment, but for his own private purposes, and was injured while attempting to make a coupling on request of the conductor, these facts do not show an employment as brakeman by the conductor, and do not render the company liable for the injury.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Wm. H. Propst, a minor, suing by next friend, against the appellant corporation, to recover damages for personal injuries sustained while engaged, as alleged, in its service as brakeman; and was commenced on the 31st December, 1886. The case was before this court on a former day of the term, on appeal by the defendant; when the judgment was reversed, and the cause remanded.—83 Ala. 518–28. On the second trial, as shown by the present transcript, the bill of exceptions purporting to set out "substantially all the evidence," the defendant asked the court to instruct the jury, "that they must find for the defendant, if they believed the evidence." The court

refused to give this charge, and the defendant excepted. The jury returned a verdict for the plaintiff, for $1,500. There was a demurrer to each count of the complaint, which the court overruled; and the cause was tried on issue joined on the pleas of not guilty and contributory negligence. The substantial averments of the complaint are set forth in the former report of the case, and the material facts diclosed by the evidence are stated in the opinion of the court. The overruling of the demurrers to the complaint, and the refusal of the general charge asked by the defendant, are now assigned as error.

McGUIRE & COLLIER, for appellant.—(1.) The charge asked by the defendant ought to have been given, because the plaintiff's own testimony showed that he had no cause of action—that he was not injured while engaged in the defendant's service, but while performing a voluntary act on request of the conductor. The former decision of this court, in passing on the demurrer to the 4th count, is conclusive on this point, and it is fully supported by the authorities. 83 Ala. 518; 1 Hurl. & N. 773; 26 L. J. Excheq. 171; 8 Amer. Rep. 251; 12 Amer. Rep. 356; 28 Amer. Rep. 16; 41 Amer. Rep. 567; 35 Amer. Rep. 398. (2.) The charge asked ought to have been given, because the plaintiff's own evidence showed that he was guilty of contributory negligence.—*Lillie v. Fletcher*, 81 Ala. 237; 2 Amer. & E. Railway Cases, 165; 42 Mich. 523; 51 Mich. 253, or 47 Amer. Rep. 569; *Railroad Co. v. Cottrell*, 3 So. E. Rep. 123. (3.) The verdict of the jury must have been founded on the third count of the complaint, and that count was fatally defective in its averments of negligence, stating mere conclusions of law instead of facts.—*Phœnix Insurance Co. v. Moog*, 78 Ala. 301; 33 Ala. 116; 65 Ala. 566.

NESMITH & SANFORD, *contra*.—(1.) The sufficiency of the complaint, in each of the three counts now remaining, was settled on the former appeal.—83 Ala. 518. (1.) The charge asked was properly refused, because there was a conflict in the evidence on both of the issues involved.—1 Brick. Digest, 335, §§ 1-5; 39 Ill. 26; 44 Mo. 383; 26 Geo. 617; 39 Md. 329; 32 Barb. 166; 74 Ala. 150; 78 Ala. 494; 4 Cranch, 219.

CLOPTON, J.—The action is brought by appellee, under the act of February 12, 1885, which constitutes section 2590 of Code, 1886, to recover for injuries received while in the service of appellant. The complaint contains three counts, each of which sets forth the fact and kind of employment, and the circumstances under which the injury was received. The difference between the several counts consists in the averments of the cause of the injury. It is averred in the first count, that the injury was caused by a defect in the couplings and appliances used for connecting the cars; in the second count, by a failure to have a sufficient number of brakemen and servants to operate and manage the train; and in the third count, by the negligence of the conductor, to whose orders plaintiff was bound to conform, and did conform, and that the injury resulted from his having so conformed. Under the rules of pleading prescribed by the Code, as construed by our decisions, the facts constituting the defects and negligence are averred with sufficient particularity, and are so presented that a material issue can be taken thereon. Each count sets forth a substantial and legal cause of action. The demurrer was rightly overruled.

The refusal of the court to give the affirmative charge, requested by the defendant, presents a very different question; which is, whether, conceding the truth of any and all inferences that can be drawn from the evidence in favor of plaintiff, the proof *prima facie* establishes the case made by the complaint. In considering the question thus presented, it should be kept in mind, that the burden is on the plaintiff to prove a case within the provisions of the statute, defining the liability of employers. Under that statute, the party claiming damages must be an employee at the time of the injury, by contract, express or implied, binding on defendant; and the injury must be received while rendering the service required by the particular employment, or in obeying the orders of a superior, to which the employee is bound to conform. Injury received while doing other more hazardous service not pertaining to the employment, by way of accommodation, or self-assumed, is not sufficient.

The complaint, in legal effect, sets forth as the cause of action, that the plaintiff, being in the regular employment of defendant as night-watchman, the duties of which required him to watch and guard the engines and trains, was ordered or directed to leave such employment, and act as brakeman on a coal or freight train, by the conductor who had control

thereof, to whom superintendence was intrusted, and authority delegated to give instructions, and to whose orders he was bound to conform; and that he was injured in attempting, by order of the conductor, to couple cars at Berry's Station, by reason of the negligence or defect above stated. On the former appeal (83 Ala. 518), it was held, that, in case of emergency, the conductor has implied authority to supply the place of disabled or missing servants, and to bind the defendant thereby; and that, on the facts alleged in the counts now remaining in the complaint, the plaintiff would be regarded as a lawfully employed brakeman, sufficient to fix a liability on the defendant. But the employment must come within the scope of his implied authority.

The complaint alleging that the plaintiff was injured while acting in the employment and capacity of brakeman, and there being no pretense that he was expressly employed in such capacity by any officer or agent of defendant other than the conductor, the question is, was he ordered by the conductor to act in the capacity of brakeman, under circumstances and in a mode which rendered his employment binding on the defendant? The plaintiff was the only witness examined on his part, as to the employment and the circumstances of the injury. His evidence clearly shows, that he was employed as night-watchman, and placed at a station called Patton Mines; that by the permission of the superintendent, he was in the habit of going to Millport, where his father resided, about fifty miles distant, to get his meals; and that he *voluntarily* entered the train at Patton Mines, without any order or request of the conductor, to go to Millport. The plaintiff was on the train of his own accord, and going down the road for his individual purposes. It is true he testifies generally, that he was ordered by the conductor at Berry Station to brake for a sick brakeman; but this general statement is qualified, or explained, by his narrative of the occasion and circumstances, and by the words of the order, which clearly show its nature, extent and purpose. When the train reached Berry Station, which was about ten miles from Patton Mines, the conductor had three coal cars taken out, in order to get a box car loaded with cotton. He was standing on the box car, and addressed the plaintiff, as follows:—"Will, come here, and make this coupling for me;" and the plaintiff was injured in conforming to this order, or request. So far as the evidence set forth in the present record goes, this is the first and only order or

request made by the conductor; and on this the plaintiff bases his claim of employment as a brakeman.

When this case was before us on the former appeal, the complaint contained a fourth count, a demurrer to which had been overruled. This count seems to have been stricken out, or omitted, after the remandment of the cause; but it alleged the facts substantially as now shown by the evidence. We then held, that the count did not set forth a legal cause of action, and that the demurrer should have been sustained. Referring to the order of the conductor at Berry Station to make a coupling, it is said: "Such order or direction, as averred, is entirely without the routine of the conductor's duties, and could not, by its abuse, fasten a liability on the railroad corporation." If a demurrer to a complaint should be sustained, on the ground that it fails to set forth a legal cause of action, a demurrer to evidence, which only proves substantially the same cause of action, should also be sustained. More is essential than mere order or request to couple cars at one time and place, or doing a single act, to constitute an employment within the scope of the implied authority of the conductor. It must be to render service to some extent continuous in its nature. On the case made by the complaint, it is incumbent on the plaintiff to show, that he left his regular employment at Patton Mines, to act as brakeman on a trip down the road, by order or request of the conductor, or, while on the train, was employed by him to render service as brakeman on the trip, in place of a sick or missing brakeman. This the evidence disproves. On the testimony of the plaintiff himself, he has failed to show, *prima facie*, a lawful and binding employment which brought him under the control of the conductor, or subjected him to his orders. If he had previously acted as brakeman, it was of his own volition. He occupied at Berry Station merely the position of a passenger, or by-stander, who attempted to make the coupling at the request of the conductor, as matter of accommodation. The evidence, as now shown by the bill of exceptions, which differs in material respects from the testimony on the first trial, does not entitle the plaintiff to recover, on either count of the complaint.

Reversed and remanded.