# Mascott Coal Co. *v.* Garrett, Ad'mr.

*Action for Damages for Death of Employe.*

(Decided June 18, 1908.   47 South. 149.)

1. *Master and Servant; Injury to Servant; Coal Mine; Complaint.* —A complaint which alleges that a coal miner was killed by the falling of the roof under which he was working on account of a breach of the duty owing by defendant to him to furnish him with a suitable and safe place to work is not subject to demurrer for failure to show whether the miner was injured in his room of the mine or in an entry thereto, the theory of the demurrer being that it was the duty of the employe to prop the roof of the room, and not that of the operator.

2. *Same; Contributory Negligence; Pleading.*—A plea in answer to a complaint charging that the death of a miner was due to the falling of a roof of a mine room in which he was working, which alleges that the miner negligently failed to prop the roof, thus contributing to his own death, is subject to demurrer as for a failure to show that it was the duty of the miner to prop it.

3. *Same.*—It being the duty of the operator of the mine to prop the roof or to maintain it in a reasonably safe condition, the miner employe is not guilty of contributory negligence, unless he knew that the defect was dangerous, although the miner made the room in which he was killed, and thereby made the defect in the roof which caused it to fall and voluntarily went under it knowing of the defect.

4. *Same.*—Where the mine boss warned the miner that the rock was dangerous and instructed him not to work under it, a miner killed by the falling of the rock from the roof could not recover for injuries received therefrom, and his estate could not recover for his death.

[Mascot Coal Co. v. Garrett, Administrator.]

5. *Same; Issues and Proof.*—The issue being whether it was the duty of the miner or operator to prop the roof of the place where the rock fell causing the damage and death, and there being testimony tending to show that the rock fell from the neck of the room of the mine, it was competent to inquire of the mine boss how many room necks he had propped at the instance of the operator in that particular mine.

6. *Negligence; Synonymous Terms.*—Carelessly and negligently are synonymous terms.

7. *Appeal and Error; Record; Sufficiency of; Demurrers.*—Where demurrers were refiled to a count as amended, but the amendment is nowhere set out in the record, this court cannot review the overruling of the demurrer to the count, since the amendment may have cured the defect raised by the demurrer. Error is not presumed, but must be affirmatively shown.

APPEAL from Winston Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by Ann J. Garrett, administratrix, against the Mascot Coal Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count was in the following language: "Plaintiff, as administratrix of Stephen Garrett, deceased, claims of defendant the sum of $25,000, for that on about the 15th day of February, 1906, the defendant was operating and managing a coal mine in Winston county, Ala., near Delmar, and on said date plaintiff's intestate, said Stephen Garrett, was in the employment of defendant in the capacity of a laborer or coal digger at work in said coal mine on said date under the direction of defendant, or its servants or agents in control of the management and operation of said mine on that date, and while so at work in the place assigned him by defendant in said coal mine he was killed by the falling of the roof overhead, or a part of the roof, where he was at work; and plaintiff alleges that defendant breached its duty which it owed to plaintiff's intestate to furnish him with a suitable and safe place to work, and to furnish him with safe and suitable machinery and appliances in and around which plaintiff's intes-

tate had to work; and plaintiff alleges that by reason of such failure on part of defendant, which it owed plaintiff's intestate he was killed by the falling of the roof overhead, or a part thereof, which said roof, or a part thereof, fell upon plaintiff's intestate and killed him.; and plaintiff alleges that her intestate's death was caused by reason of said roof not being propped, or not being in a safe condition, at the place where he was so at work at the time he was killed as aforesaid." The second count, after averring the conditions as in the first count, avers that her intestate's injury and death were caused by reason of defects in the condition of the ways, works, machinery, or plant connected with or used in the said business of defendant, in that the roof overhead the place where plaintiff's intestate was at work at the time he was kill was unsafe and not sufficiently propped to prevent the same from falling, and was so negligently permitted to be and remain in an unsafe condition that it fell upon plaintiff's intestate and killed him; that said defect arose from, or had not been discovered or remedied owing to the negligence of defendant, or of some person in the service of defendant and intrusted by it with the duty of seeing that said works, ways, machinery, and plant, etc., were in proper condition. For reasons stated in the opinion, it is unnecessary to set out the third count. The fourth count was as follows: "Plaintiff, as administratrix of the estate of Stephen J. Garrett, deceased, claims of the defendant the sum of $25,000 damages, for that, on or about the 15th day of February, 1906, the defendant was managing and operating a coal mine near Delmar, in Winston county, Ala., and on said date defendant had in its service or employment one John Pearce, a bank boss, who was intrusted by defendant with the superintendence of seeing that the roof overhead in said

coal mine was in a safe and proper condition at the place where plaintiff's intestate, Stephen J. Garrett, was on said date at work for defendant in said coal mines, under its employment and under its direction in the capacity of a laborer or coal digger, and plaintiff avers that, while in the exercise of the superintendence aforesaid, the said John Pearce, did carelessly or negligently place plaintiff's intestate, Stephen J. Garrett, in a place in said coal mine to work where the roof overhead was in an unsafe and dangerous condition, which said roof overhead, or a part thereof, or a rock from overhead, fell upon plaintiff's intestate while he was so at work for defendant in the discharge of his duties, and mashed and killed him." The fifth count is the same as the fourth, except the averment of negligence of John Pearce, the bank boss, which is as follows: "Plaintiff avers that, while in the exercise of said superintendence, the said Pearce carelessly or negligently permitted the roof overhead the place where plaintiff's intestate was at work on said date to become unsafe and in a dangerous condition, and while plaintiff's intestate, Stephen J. Garrett, was at work in the discharge of his duties for the defendant, at the place assigned him to work, a rock from the roof overhead in said coal mine fell upon him, causing his immediate death, all of which was the proximate result of the negligence of the said bank boss, Pearce, as aforesaid."

The following demurrers were filed to the complaint: To the first count: Because it does not state a sufficient cause of action. The said count does not affirmatively show any duties that defendant owed plaintiff's intestate. Said count does not show how, in what way or manner, the defendant breached any duty it owed plaintiff's intestate. Said count fails to set out in what said breach of said alleged duty consisted. Said count fails

to show whether plaintiff's intestate was in his room in said mine, or in the entry or manway thereof, and, being most strongly construed against the pleader, he was in the room he was working in, and the defendant owed him no duty as to the roof thereof; it being plaintiff's intestate's own duty under the law to look after the same. To count 2: The last ground assigned to count 1, and because the roof alleged to be defective, and which fell, is not a part of the ways, works, machinery, or plant, within the purview of the law. To count 4: Because it fails to allege or show that said injuries or death was the proximate result of the alleged negligence. Because it fails to show that said alleged negligence contributed to the injuries or death. It fails to show in what part of said mine the deceased was at work, whether in a room or in the entry, and, if in the room, as a matter of law he was responsible for his own roof. Because it states the conclusion of the pleader, and not the facts, as to the roof being in a dangerous and unsafe condition. Because it alleges carelessness, and not negligence, and under the facts set out carelessness was not such recklessness as would amount to negligence. These same demurrers were interposed to count 5.

A number of pleas were filed to the complaint, among them pleas 4 and 8, which are as follows : "(4) Deceased was guilty of negligence which contributed proximately to his death, in this: That he negligently failed to prop the roof of his room, where he was at work when he was killed." "(8) That the room or upset where deceased was killed was made by him, that he had mined the coal therein, that he had created the defect that caused his death, and that he well knew of the same at the time of the accident, and voluntarily went thereunder, knowing its condition."

To plea 4 the following demurrer was assigned: "Said plea fails to allege that it was the duty of deceased to prop the roof of the place where he was at work." And to plea 8 the following: "Said plea fails to allege that intestate knew of the dangerous condition of the place where he was at work at the time he was killed. It is not alleged that deceased had created a dangerous defect, and with knowledge of the dangerous condition of the place where he was at work had voluntarily worked thereunder."

There was judgment for plaintiff in the sum of $1,000.

CURTIS & BLANTON, for appellant  The law presumes that the miner will do his work in his room in a safe manner.—*Davis v. Western Ry. Co.* 107 Ala. 626. Pleadings are construed most strongly against the pleader.  99 Ala. 31; 90 Ala. 13; 16 Ala. 742.  Demurrers should have been overruled to the 2nd count.—Authorities supra.  Negligence having no causal connection with the injury is not actionable.—*L. & N. R. R. Co. v. Kelton,* 112 Ala. 533; *Dantzler v. DeBardelaben,* 101 Ala. 309; *Ala. Mid. v. McDonald,* 112 Ala. 206; 128 Ala. 255; 97 Ala. 196.  Carelessness does not necessarily mean negligence.—132 Ala. 243; 118 Ala. 166.  The court erred in sustaining demurrer to pleas 4 and 8. —*R. R. Co. v. Watkin,* 91 Ala. 435.  The general affirmative charge should have been given since special pleas 2 and 3 were proven without conflict.—*L. & N. v. Brinkerhoff,* 119 Ala. 606; 125 Ala. 544; 124 Ala. 332; 121 Ala. 175.

W. B. MAYHALL, and D. A. McGREGOR, for appellee. The complaint was not subject to the demurrer interposed.—*Thompson v. L. & N. R. R. Co.,* 91 Ala. 501.

Carelessly and negligently are synonymous.—1 Words & Phrases, p. 973. As to the other questions raised, see. —White's Personal Injuries in Mines, p. 244.

TYSON, C. J.—The only ground of demurrer to the first count of the complaint insisted on is that one which assails its sufficiency because it fails to show whether plaintiff's intestate was injured in his room of the mine or in the entry thereto. The theory of this ground and of the insistence in support of it is that it was plaintiff's intestate's duty to prop the roof of the room of the mine, and not the defendant's duty. This precise point was ruled upon in the case of *Tutwiler Coal Co. v. Farrington,* 144 Ala. 165, 39 South. 898, adversely to appellant's contention. Without determining the sufficiency of the count in other respects, it is clearly not subject to the ground of demurrer insisted on. This also disposes of the contention made with respect to the sufficiency of the second count.

The third count, after demurrer sustained to it, it appears by the judgment entry, was amended. But the amendment is nowhere shown in the record. After its amendment the defendant refiled its demurrers, which were overruled. The amendment not being shown, it is not made to appear that the court erred in the ruling. Non constat the amendment cured all objectionable defects pointed out by the demurrer. Error must be affirmatively shown, and cannot be presumed.

The objection taken to the fourth and fifth counts, and urged in argument, is that they do not state a cause of action, because the act of defendant's servant who is charged with having superintendence was characterized as being "carelessly or negligently" done. It is said that the use of the word "carelessly" disjunctively with the word "negligently" is a fatal defect, thereby

rendering the counts so entirely vicious as that they do not state a cause of action. There is no merit in this contention. These two words are synonymous of each other. 1 Words and Phrases, p. 974.

Plea numbered 4 was clearly subject to the ground of demurrer assigned to it, in that it failed to allege the duty of deceased to prop the room where he was at work when killed.

Plea numbered 8, to which a demurrer was also sustained, was also bad. The complaint alleged that it was the duty of defendant to prop the roof, or to maintain it in a reasonably safe condition, and although the deceased may have made the room by the mining of the coal, and thereby created the defect in the roof that caused his death, and knew of this defect, and voluntarily went under it, yet it cannot be affirmed that he was guilty of contributory negligence, unless he knew the defect to be a dangerous one, which is not averred.

One of the issues presented by the pleading was whether it was defendant's or the deceased's duty to prop the roof of the place where the rock fell, which the testimony tends to show was from the neck of the room of the mine. It was, therefore, competent for plaintiff, on cross-examination, to ask Pearce, the mine boss how many room necks he had proped for the company in that mine.

Among the defenses set up was that plaintiff's intestate had been warned by Pearce, the bank boss, that the rock which fell upon him was dangerous, and that he was instructed by Pearce not to work under it. This defense was undisputedly and without adverse inference established by the testimony of Pearce.

The predicate laid for the purpose of impeaching plaintiff's witness Barnett went only to the denial by that witness of making certain statements which were

asked for and was in no wise contradictory of Pearce's testimony. Indeed, that witness, who was the only other examined with respect to the circumstances of the injury, corroborated Pearce, instead of contradicting him. Barnett did not even so much as state that he did not hear the conversation testified to by Pearce, in which he says he told the deceased of the dangerous condition of the rock; much less deny that such a conversation was had.

The affirmative charge, requested by defendant, should have been given.

Reversed and remanded.

ANDERSON, DENSON, and McCLELLAN, JJ., concur.


*Action for Damages for Injury to Employe.*

