[Warrior River Coal Co. v. Thompson.]

# Warrior River Coal Co. *v.* Thompson.

## *Injury to Servant.*

(Decided April 22, 1915.   Rehearing denied June 3, 1915.
69 South. 76.)

1. *Master and Servant; Injury to Servant; Contributory Negligence and Assumption of Risk.*—Under the Employer's Liability Act, where a rock fell from above a roadway in defendant's coal mine, injuring plaintiff, a miner, and plaintiff had not been entrusted with the duty and armed with the authority to put up cross-collars to support such rock, the defendant could not escape liability on the theory that plaintiff had assumed the risk, or on the contributory negligence of plaintiff, whether the action was predicated upon injury resulting from a defect in the plant, or from the negligence of a superintendent. ·

2. *Same; Negligence of Superintendent.*—Where the plaintiff coal miner was injured by the fall of a rock from the roof into a roadway, if such fall did not come from above the roadway, but from one side, from which plaintiff was bound to protect himself, or even if it did fall from above the roadway, if plaintiff was under duty and had authority to support it by cross-collars for his own safety, he could not·recover under subd. 2, section 3910, Code 1907, as for the negligence of the superintendent in negligently causing or allowing the rock to fall.

3. *Same.*—Under such circumstances the servant could not recover under subd. 1, section 3910, Code 1907, rendering an employer liable for injuries to a servant caused by defects, etc., as if the injury had been done to a stranger.

4. *Same; Duty of Servant; Special Plea.*—Where the action was for personal injuries under subd. 1, section 3910, Code 1907, the employer could not avail itself of non-liability under the facts concerning the duty of plaintiff to render safe the place where he was injured, unless by special plea it set up such duty of the plaintiff with respect to the time and place of the injury.

5. *Same; Pleading.*—A special plea of the employer that plaintiff himself was the person to whom was entrusted the duty of seeing that the roof was in proper condition, and that the plaintiff undertook to perform that duty, was a complete answer to any complaint framed under subdivision 1, section 3910, Code 1907, whether it be regarded as a plea of assumption of risk or merely an anomalous plea in confession and avoidance.

6. *Same; General Denial as Answer.*—Where a count of the complaint fails to name as the servant to whose negligence the defective condition was due some person other than the plaintiff himself, a general denial to such count is no answer, as plaintiff can prove his case as alleged by showing his own negligence with respect to the origin, discovery or removal of the defect complained of.

[Warrior River Coal Co. v. Thompson.]

7. *Same.*—Where such a count names as the negligent person some one other than the plaintiff, or imputes the negligence specially to the defendant employer, and not to a servant, the general issue is a complete answer to it, since the defense that plaintiff negligently worked where he knew there was a defective condition, which was likely to cause him injury, can be shown under the general issue, and answers the complaint.

8. *Same; Pleading; Proof.*—Where the action was under subd. 1, section 3910, and the plea was that plaintiff himself was the person to whom was entrusted the duty of remedying any existing defect in the place of work, and that plaintiff undertook to do so, there would have been a failure to prove the plea if it appeared from the proof that plaintiff was not authorized to remedy the defect on his own initiative, but only with the consent of the superintendent.

9. *Same.*—Under such conditions there would have been a failure to prove the plea if it appeared that it was the duty of the employer, to furnish the servant with materials to remedy the defective condition, and it failed to do so.

10. *Same; Instructions.*—Instructions that plaintiff must recover if at all only for the negligence of a bank boss in permitting a defect, cannot be construed as eliminating the count of the complaint predicated on subd. 1, section 3910, Code 1907, so as to render the sustaining of the demurrer to the plea that plaintiff himself was the person to whom was entrusted the duty of remedying defective conditions in his place of work, and undertook to do so, since the negligence of the bank boss as to the defective condition would have been a proper basis for recovery by plaintiff either under the count for a defective condition in the way, etc., or under the count based on the negligence of the superintendent.

11. *Same; Contributory Negligence.*—Where the superintendent of the defendant forbade an injured servant to use timbers to hold up a rock in the roof which was likely to fall and injure him, the roof being dangerously defective without such timbers and the rock being in the middle of the roadway so that it could be secured only by the timbers which plaintiff was forbidden to use, the employer was liable for the injury to plaintiff from the falling of such rock, regardless of plaintiff's contributory negligence.

12. *Same; Instruction.*—Where there was evidence tending to show that the superintendent of a mining company, regardless of any general rule to that effect, forbade the servant to use the only proper timbers to remedy the defective conditions and refused to furnish him materials, charges that if there was no rule of the defendant that such a defective condition could not be remedied without the order or permission of the superintendent, the verdict should be for defendant, and that the burden of proof rested upon plaintiff to show that there was a rule that a miner could not remedy such a condition without the permission of the superintendent, were properly refused as leaving out of consideration the evidence relating to the special order given by the superintendent.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

[Warrior River Coal Co. v. Thompson.]

Action by John A. Thompson against the Warrior River Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint shows that plaintiff was employed in defendant's coal mine, and while doing his proper work a part of the roof fell upon him and injured him. The first count was under subdivision 2 of the Employers' Liability Act, and charges the negligence to Pat Savage, superintendent, while superintending, in negligently causing or allowing said roof to fall upon plaintiff. Count 2 was under subdivision 1 of the act, and charges that the roof was defective at the point where it fell, and that the defect arose from, etc., in the language of the statute. The defense was the general issue, and three separate pleas of contributory negligence setting up: (1) That plaintiff negligently failed to examine his working place in said mine after shots had been fired therein; (2) that, with knowledge that said rock in said roof was loose and defective and needed timbering he negligently failed to timber said rock, as it was his duty to do; and (3) that, working, as a miner, he negligently worked in said room dangerously near a rock in the roof of said room which he knew needed timbering, and was likely to fall and cause him injury. The court sustained demurrer to a plea which set up that plaintiff himself, on the occasion he complains of, was the servant to whom was intrusted the duty of seeing that said roof or top was in proper condition, and plaintiff undertook to perform said duty.

The only special grounds of demurrer assigned to this plea are: (4) Because it does not aver how or in what way the failure of plaintiff to examine the roof was the proximate cause of his injury.

(5) It does not aver that plaintiff was guilty of negligence with respect to the way and manner in which he did anything.

(6) It does not aver how the negligent omission of plaintiff to do or perform anything was the proximate cause of his injury.

(8)   It does not aver that plaintiff appreciated the danger and the injury likely or probably liable to befall him as a result thereof.

The evidence for plaintiff tended to show that the rock which fell on him fell from the roof above the roadway, where he was working, and that it could have been supported only by a cross-collar. The evidence of defendant tended to show that this rock was not above the roadway, but to one side, and could have been adequately supported by ordinary props. It was not disputed that the roof above the roadway ought for safety to be supported by a cross-collar. The evidence tended to show that a rule of the mines prevented miners from putting in these collars without the order or approval of the bank boss, and that plaintiff reported to the boss the absence and need of collars at the place in question, and complained of the danger; that the boss went with him and looked at it, and told plaintiff it was a good prop, and collars were not needed; that afterwards he repeatedly discussed the matter with the boss, who said he could not put collars in, and that they must not put them in unless he ordered it done, the objection to it being the expense to the company. The evidence for defendant denied completely that there was such a rule in general, or that the bank boss had given such orders as to this particular time and place, and tended to show that it was the miner's duty and plaintiff's in this case to properly prop and collar his

place of work, and that he had the authority and power to do so, and could have secured the needed timbers and collars by asking for them. It appears without dispute that plaintiff regarded the roof at this point as sound and good, but also knew it was dangerous without support, and was liable to fall at any time, though he could not tell when, and that with this knowledge he continued to work under it in that dangerous condition.

The following written charges besides the general affirmative charge were refused to defendant: (2) The court charges the jury that, if you believe from the evidence that there was no rule of defendants in existence at the time of plaintiff's injury to the effect that a collar could not be placed in a miner's room without the bank boss' order or permission, you should return a verdict for defendant.

(3) The burden of proof rests upon plaintiff in this case to reasonably satisfy your minds from the evidence that there was a rule in effect at defendant's mine on the occasion complained of that a miner in his room could not place a collar under the roof without the order or permission of the bank boss, and unless the jury is so reasonably satisfied from the evidence you should return a verdict for defendant.

(4) If the jury believe from the evidence that plaintiff was an experienced miner, and knew that the roof of his working place needed timbers or collars thereunder, and without such timbers or collars the roof would likely fall and injure him, then plaintiff would have no right to rely upon any assurance of the mine foreman, Pat Savage, as to the safety of the roof.

The following charges were given for plaintiff: (A) Before the jury can find that plaintiff was guilty of contributory negligence, the jury must be reasonably

satisfied from the evidence that plaintiff either did something proximately contributing to his hurt which a reasonably prudent man would not have done under similar circumstances, or that he omitted something which a reasonably prudent man would not have omitted under similar circumstances, and that such omission proximately contributed to his hurt.

(B) Before the jury can find that plaintiff was guilty of contributory negligence in remaining at work under the roof, the jury must be reasonably satisfied from the evidence, not only that plaintiff knew of the defective condition of the roof (if it was defective), but also that he appreciated the danger of the injury likely to befall him therefrom.

There was verdict and judgment for plaintiff in the sum of $1,600.

STOKELY, SCRIVNER & DOMINICK, for appellant.

HARSH, BEDDOW & FITTS, for appellee.

SOMERVILLE, J.—The evidence shows without dispute that due care for the safety of miners requires that the roof of the mine should be supported, and that the roof above the roadway must of necessity be supported by cross-collars, and not by perpendicular props, and it tends to show that there was a want of due care in this respect by some one as to the roof above the roadway at the point where plaintiff's witnesses say this rock fell from. The evidence is in dispute, however, as to whether this rock fell from above the roadway, or from the side where a perpendicular prop could have been used for its support, and in dispute also as to whether plaintiff was intrusted with the duty and armed with the authority to set cross-collars where, in

his judgment, they were needed. There is no dispute as to plaintiff's duty to know the condition of the roof wherever he was working, and, except as to collars above the roadway, to place timbers wherever needed for its safe support, and to be responsible for its being put and kept in proper condition.

(1) It is clear that, if the jury found the disputed issues, as above noted, in favor of plaintiff, defendant could not escape liability on any theory of plaintiff's assumption of the risk of injury resulting therefrom, nor of plaintiff's own negligence as contributory thereto; this under the express provisions of the statute (section 3910), as amended by the Code of 1907. Hence defendant was not entitled to the general affirmative charge as to either count of the complaint, nor as to any of the pleas of contributory negligence.

(2-4) On the other hand, if the jury should have found either that the rock did not fall from above the roadway or that even if it did, plaintiff was under the duty and had the authority to place cross-collars under it to support it, and thereby conserve his own safety, then in either case plaintiff was not entitled to recover. This result necessarily follows as to the first count, without any special defensive plea, because the allegation of negligence on the part of defendant's superintendent, Savage, is refuted, and plaintiff's case, as therein stated, fails. The same result follows equally under the second count; but here, under the rules of pleading which are thoroughly settled in this state, the result—nonliability—is not available to defendant without a special plea setting up the duty of plaintiff with respect to the time and place of his injury.

(5-7) Defendant's plea 3, which was eliminated by demurrer, undertook to set up such a duty on the part

of plaintiff. This plea is substantially, and almost verbatim, a copy of plea 6 in *Maddox v. Chilton W. & Mfg. Co.*, 171 Ala. 216, 55 South. 93, which we held good as against the grounds of demurrer there assigned, and which was discussed only in the aspects thereby presented. We are now satisfied, upon a studious consideration of the question, that this plea is a perfect and complete answer to any count of a complaint, framed under subdivision 1 of the statute, whether it be regarded as a plea of assumption of risk, or merely an anomalous plea in confession and avoidance. If, as here, the count does not name as the negligent servant some person other than the plaintiff, a general denial by the defendant would not suffice, since the plaintiff would perfectly prove his cause, as alleged, by showing his own negligence with respect to the origin, discovery, or removal of the defect complained of. If, on the other hand, the count does name as the negligent servant some person other than the plaintiff (as in the first count), or if the negligence is imputed personally to the defendant, and not to his servant, then very clearly the defense set up by the special plea in question could just as appropriately be shown and availed of under the plea of the general issue. See *B. F. & M. Co. v. Gross*, 97 Ala. 228, 12 South. 36.

(8, 9) Counsel for appellee present a vigorous arraignment of plea 3 in this case as an answer to the second count of the complaint, but the criticism is for the most part founded upon a misunderstanding of the scope of the plea and the burden of proof which it imposes on the defendant. There would be a clear failure of its proof if it appeared that the plaintiff was not authorized to remedy the defect complained of upon his own initiative, but only with the advice and con-

sent of another. And equally so if it appeared that it
was the master's duty, as it certainly is unless other-
wise stipulated, to seasonably furnish the plaintiff
with the materials and facilities needful for the re-
moval of the defect. For with the defendant's failure
in that regard there fails also the duty of the plaintiff
to remedy, and that duty, once assumed by the plain-
tiff, reverts pro tempore to its original bearer; in other
words, the master's default suspends the servant's duty.

(10) The trial court erred in sustaining the demur-
rer to plea 3. It is, however, insisted that the second
count was effectually eliminated from the case by cer-
tain special instructions to the jury, and that, there-
fore, any error as to a plea to that count was error with-
out injury. We have examined these instructions with
care, and we do not think that their requirement that
the plaintiff must recover, if at all, only for the neg-
ligence of the bank boss, Savage, could be construed
as an elimination of the second count of the complaint;
since Savage's negligence with respect to the condition
of the roof would manifestly have been a proper basis
for plaintiff's recovery under either count. The charges
referred to deal only with plaintiff's cause of action,
and not with defendant's defenses, and from the entire
record we are of the opinion that the erroneous elimin-
ation of this plea was probably injurious to defendant.

(11, 12) Charges 2 and 3 refused to defendant leave
out of consideration that phase of the evidence which
tends to show that, regardless of any general rule of
defendant's, the bank boss himself forbade the use of
collars at the time and place in question, and declined
to furnish collars for such use as requested by plain-
tiff. If the jury believed this evidence, and also that
the roof was dangerously defective without the collars,

and that the rock that fell was over the roadway, where collars only could have been properly used, it would have been their duty to find for plaintiff, regardless of the pleas and proof of contributory negligence.

Some charges were given to the jury which were unnecessary, and in fact inappropriate to the real issues that must decide this case, but it is not necessary to consider other instructions given or refused, since they may not recur on another trial under the issues as we have outlined them.

For the error noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.