(79 South. 54)
CHOCTAW COAL & MINING CO. v. DODD.
(6 Div. 600.)

(Supreme Court of Alabama.   May 9, 1918.)

1. MASTER AND SERVANT ⬅262(1) — SAFE PLACE TO WORK—INSPECTION.

Plea that a servant in a mine did not examine his working place before going to work, which failed to aver that an examination would have disclosed the defect, as well as the danger of going to work at the place, was insufficient, and a demurrer was properly sustained.

2. MASTER AND SERVANT ⬅262(1)—PLEAS— SUFFICIENCY.

A plea that the servant at the time of suffering the injuries complained of was the agent of defendant intrusted with the duty of seeing that the mine roof was in a proper condition, and undertook to perform such duty, was no more than a mere denial of an allegation by plaintiff that he was working under another to whom such duty was intrusted, and a demurrer was properly sustained.

3. MASTER AND SERVANT ⬅118(5)—INJURIES TO SERVANT—DUTY OF MASTER.

Where it was not plaintiff's duty on his own initiative to remedy defects in the roof of a mine, but only to do so when ordered by another for the master, it was the duty of the master or the one acting for him to furnish plaintiff the materials, agencies, and facilities needed for the remedying or removal of the danger or defect, without unnecessarily imperiling the plaintiff, and such duty carried with it a proper and reasonable exercise of the superior judgment of the master.

4. MASTER AND SERVANT ⬅267(1)—EVIDENCE —RELEVANCY.

In an action by a servant for damages on account of injuries occasioned by a defective roof in a mine, testimony by a witness that "they had been talking" of the dangerous condition should have been excluded where there was no evidence to show who had been talking.

5. APPEAL AND ERROR ⬅1050(1)—HARMLESS ERROR—EVIDENCE.

Where a witness had already testified that "they had been talking" without proper evidence to show who had been talking, it was not prejudicial error to overrule an objection to a question as to how long they had been talking.

6. EVIDENCE ⬅471(31)—CONCLUSIONS.

Where plaintiff had testified as to particular duties of employés and servants, it was proper to permit him to be questioned as to whether he or another working with him was the boss on a certain job.

─────────────────────────────────

**7. TRIAL ☞296(9)—CURING ERROR.**

In an action by a servant against the master, part of the oral charge stating that certain witnesses who were employés of the master were interested in the outcome of the suit, although an invasion of the province of the jury, was cured by withdrawal when challenged.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by P. J. Dodd against the Choctaw Coal & Mining Company for injuries received while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint sufficiently appears. The following are the pleas referred to:

(3) For further answer defendant says that plaintiff was guilty of negligence which contributed proximately to his injury, in this, that plaintiff did not examine his working place under the rock or slate that fell on him before commencing work thereunder, and as a proximate result thereof was thereby hurt. It was the duty of plaintiff before commencing work to examine his working place, and his injury was the proximate result of his failure to perform this duty.

(11) Defendant says that plaintiff in this action was at the time he suffered the injuries complained of the agent of defendant intrusted with the duty of seeing that the roof, which is alleged in said count was defective, was in a proper condition, and that plaintiff undertook to perform such duties.

(14) Plaintiff was hurt while working under or dangerously near a rock or place in the roof of said mine, which was not properly propped to support it, and plaintiff knew the danger thereof, and was sent by defendant's mine foreman to remedy said defect, and defendant said plaintiff continued negligently to work under or dangerously near said rock until it fell and injured him.

J. H. Bankhead, Jr., of Jasper, for appellant. Ray & Cooner, of Jasper, and Harsh, Harsh & Harsh, of Birmingham, for appellee.

THOMAS, J. The suit is for damages for personal injuries caused by falling rock from the roof of an entry to defendant's mine.

Counts 2 and 5, under subdivision 1 of the Employers' Liability Act (Code 1907, § 3910), charged a defect in said roof, and the failure to sufficiently secure the roof against falling.

Under subdivision 2 of the act count 3 charged that on the 10th day of September, 1915, defendant was engaged in the business of mining coal in Walker county, Ala., and plaintiff was an employé of defendant engaged in the discharge of his duty as such, and that, while so employed, a large rock in the roof of an entry in the mine operated by defendant fell, and carried down an electric wire used in the business of the defendant in said entry, whereby said wire was violently thrown against the body of plaintiff, throwing him to the bottom of said entry and causing the personal injuries specifically enumerated; and it further averred that plaintiff's injuries were caused by reason of the negligence of one Walter Hines, who was in the service or employment of the defendant, and who had superintendence

intrusted to him, whilst in the exercise of such superintendence, in this, the said Walter Hines negligently ordered, directed, or placed plaintiff in said entry at said place in dangerous proximity to said rock which fell and caused his injuries specified.

[1] Demurrer was sustained to plea 3 as an answer to either count. The assignment of error challenging this ruling as to plea 3 is not well founded, for the reason that the plea failed to aver that an examination of the roof of the mine at the place of the injury would have disclosed the defect, as well as the danger of going to work at the place in question. Henderson v. T. C., I. & R. R. Co., 190 Ala. 126, 128, 67 South. 414; Mascott Coal Co. v. Garrett, Adm'r, 156 Ala. 290, 297, 47 South. 149; Southern Railway Co. v. McGowan, 149 Ala. 440, 452, 43 South. 378.

[2] There was no error in sustaining demurrer to plea 11 as an answer to count 3. It was no more than a denial of the superintendence of Walter Hines, averred in that count, and a denial that the said Hines negligently ordered, directed, or placed plaintiff in said entry at said place in dangerous proximity to said rock which fell and caused plaintiff's specified injuries. Maddox v. Chilton Warehouse & Mfg. Co., 171 Ala. 216, 221, 224, 55 South. 93; Warrior Coal Co. v. Thompson, 193 Ala. 639, 646, 69 South. 76. Moreover, the defense of that plea was also available under plea 16.

[3] Demurrer to plea 14 as an answer to count 3 was properly sustained. The plea does not aver that it was plaintiff's initial duty to remedy the defect, or that in compliance with the master's order he undertook that duty, and that because of plaintiff's default in such regard his injury proximately resulted. Warrior Coal Co. v. Thompson, supra; Maddox v. Chilton Warehouse, etc., Co., supra. If it was not plaintiff's duty, of his own initiative, to remedy the defect, but only to do so upon the advice and consent of another for the master, then it was the duty of such other, acting for the master and with the master's authority over plaintiff, to furnish plaintiff the materials, agencies, and facilities needful for the remedying or removal of the dangerous defect without unnecessarily imperiling the plaintiff. This primary duty of the master to the servant carries with it a proper and reasonable exercise of the superior judgment of the master as to the materials and facilities needful, and as to the reasonable safety with which such servant, charged with no duty to remedy the defect, may comply with the master's orders to remedy the same. With the master's failure to furnish such needful facilities, the duty assumed by a servant in obeying a superior's orders with which he must comply "reverts pro tempore to its original bearer"—the master; in other words, the

master's default suspends such servant's duty to remedy the defect, though he be ordered to do so by the master. The master cannot escape responsibility for his negligent order, or failure of duty, that unnecessarily exposed to peril the servant complying therewith or acting thereon, when it was not such servant's primary duty to do the thing commanded, and it was not perfectly obvious to the servant that to comply was dangerous. If plea 14 were held to be a sufficient answer to count 3, a superintendent with authority over a servant to order and direct his labors might negligently order such servant to attempt to repair or remedy a defect that it was not his primary duty to do, though the servant have not the necessary knowledge, skill, and ability, or the needful facilities, to carry out the order, and such fact be known to such superintendent at the time; and, attempting to obey, and sustaining injuries as a proximate result, the servant would be without remedy against the master. Moreover, the plea being construed most strongly against the pleader, the substance thereof was a mere traverse of the count it sought to answer, and was provable under the general issue.

[4, 5] The ruling of the trial court is challenged "in allowing plaintiff to prove by the witness Benson that he had heard it talked around there for a day or two that this rock was bad." Tr. p. 39. No such objection to evidence is found at the page of the record indicated. It may be that this assignment of error does not sufficiently identify the ruling sought to be challenged. Carney v. M. C. Kiser Co., 76 South. 853;[1] Crews & Green v. Parker, 192 Ala. 383, 387, 68 South. 287; Woodruff v. Smith, 127 Ala. 65, 28 South. 736; H. B. Claflin Co. v. Rodenberg, 101 Ala. 213, 13 South. 272. However, it appears that one Benson testified of the condition of the roof of the mine entry as it was at the time of plaintiff's injury. He said, "I hadn't paid that particular rock that fell any particular attention, only I had heard it talked of as being bad." This testimony was admitted without objection or motion to exclude. The witness was then asked by plaintiff's counsel, "For how long a time?" to which question he replied, "They had been talking it for a day or two around there." At this stage of the examination the defendant objected to the latter question on the ground that it called for irrelevant, incompetent, illegal, and hearsay testimony. The court overruled the objection, and the defendant moved to exclude said answer on the ground assigned to the question. Without evidence to show what witness meant by "they had been talking," whether the plaintiff, or the defendant's agent in charge of, and exercising supervision over, the plaintiff, at the time of the injury, or third persons, had been speaking of the condition of the particular rock, all of said evidence should have been exclud-

ed on proper objection and motion. However, the fact remains that the original statement of the witness that the particular rock had been spoken of as being bad was admitted in evidence without objection, without motion addressed to the court to exclude the same. In this state of the record, we do not see that prejudicial error was committed by limiting the evidence, "They had been saying that the rock was bad," in time to a day or two before the injury, and to the locus in quo. The objection, with the exception and motion to exclude, was directed only to this limitation of the evidence, and not to the original statement of the fact of the defect in the rock.

[6] A witness in his own behalf, in response to the defendant's cross-examination, plaintiff testified that he had been "bratticeman there for eight years"; that Mr. Hines had been "mine foreman for two or three years"; that "Mr. Russell was boss driver and had charge of the driving crew"; that "all of the company men were supposed to do what Mr. Russell said"; that immediately preceding the injury Mr. Hines told plaintiff to "assist Mr. Russell in setting a timber"; and that he (Mr. Russell) would show witness "where to put the timber." On redirect examination witness stated that the company had a regular timber man; that his regular employment was at "bratticework"; and that he did not do any other work unless he was specially ordered to do so by some one in authority. Plaintiff's counsel then asked, "Mr. Bankhead asked you about your going down there and working with Mr. Russell; both of you worked for a common object; were you boss or was he boss?" and the witness replied, "He was boss." Defendant objected and excepted to this question and answer. The objection was overruled. The answer was a shorthand rendition of fact, whether the plaintiff or Mr. Russell was superior in authority. Both question and answer were pertinent.

Throughout the evidence occur such terms as "timber man," "brattice worker," "boss driver," "superintendent," "contract work," and the like. It was competent to ask a witness who the superintendent or boss driver of the company was, and whether or not the plaintiff was compelled to comply with the orders of such superintendent or superior official, in the discharge of his duties as a servant of the defendant. There was no merit in the objection that the witness was permitted to draw a conclusion for the jury. The facts had theretofore been given.

[7] Defendant excepted to that part of the oral charge as follows, "The superintendent and boss and employés of the company are interested in the outcome of the suit to a certain extent." Without further instructions on that subject. this proposition would have been an invasion of the province of the jury; but, when considered in connection

with all that the trial judge said, it is obvious that it was without prejudicial error. However, in response to the exception, the court withdrew the challenged portion of the oral charge, concerning the weight and sufficiency of the testimony. Had prejudicial error been committed, this withdrawal of the instruction to which objection had been interposed would have been sufficient. The same reasoning is applicable to the other portion of the oral charge to which exception was reserved. South Brilliant Coal Co. v. McCollum, 200 Ala. 543, 76 South. 901.

Refused charge 7 was covered by given charge 8, as to counts 2 and 5, and covered by given charge 13 as to all counts. Refused charge C was likewise embraced in given charge 14, and refused charge 16 in given charge 25.

The eighth count of the complaint only charged that the injury of plaintiff was the result of negligence of Tom Russell, whilst in the exercise of superintendence; and the elimination of this count by charge 25 rendered refused charge 16 abstract.

The affirmative charges requested by defendant were properly refused. The evidence was sufficient to submit to the jury the several issues raised by the pleading, and to support the verdict thereon.

When the court's oral charge is considered as a whole, there is no merit in the exception taken thereto.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur.